IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THE STATE OF MISSISSIPPI,
*ex rel.* LYNN FITCH, in her
official capacity as Attorney General
of the State of Mississippi,

    Plaintiff,

                                            Civil Action No. 1:20-cv-168-LG-RPM

THE PEOPLE'S REPUBLIC OF CHINA,
THE COMMUNIST PARTY OF CHINA,
NATIONAL HEALTH COMMISSION OF
THE PEOPLE'S REPUBLIC OF CHINA,
MINISTRY OF EMERGENCY
MANAGEMENT OF THE PEOPLE'S
REPUBLIC OF CHINA, MINISTRY OF
CIVIL AFFAIRS OF THE PEOPLE'S
REPUBLIC OF CHINA, PEOPLE'S
GOVERNMENT OF HUBEI PROVINCE,
PEOPLE'S GOVERNMENT OF WUHAN
CITY, WUHAN INSTITUTE OF VIROLOGY,
and CHINESE ACADEMY OF SCIENCES,

    Defendants.

## MOTION FOR EXTENSION OF TIME

COMES NOW the Plaintiff, State of Mississippi, *ex rel.* Lynn Fitch, Attorney General, and respectfully files this Motion for Extension of Time in which to serve process, and, in support thereof, would show the following:

1. The Plaintiff filed its Complaint on May 12, 2020.

2. Under the Federal Rules of Civil Procedure, if a defendant is not served within 90

days after the complaint is filed, the court must dismiss the action or order that service be made within a specified time. Fed. R. Civ. P. 4(m). However, "[t]his subdivision (m) does not apply to service in foreign countries under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A)." *Id.*

3. Defendants in this matter are foreign entities, governments, or instrumentalities subject to service pursuant to Rule 4(h)(2) or 4(j)(1). Therefore, Rule 4's time limit for service does not apply to this matter.

4. Fed. R. Civ. P. 4(f)(1) gives effect to the Hague Convention and mandates the use of Hague Service Convention procedures if the foreign nation is a party to that Convention.

5. Plaintiff has filed and been granted two Motions for Extension of Time (Dkt. #4 and #9).

6. Pursuant to the Hague Convention and the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(a)(2), Plaintiff sent a request to China's Central Authority to serve Defendants on or about August 17, 2021.

7. On February 22, 2022, Plaintiff received notice from the Ministry of Justice, People's Republic of China that service would not be effectuated because, "[t]he execution of the request would infringe the sovereignty or security of the People's Republic of China (Article 13)." (Attached. "Exhibit A.")

8. Plaintiff is continuing the process of serving Defendants[1], including preparing

---

[1] Since Plaintiff's initial request for service has been refused and China has objected to Article 10 of the Hague Convention, which allows for service of process by postal channels, Plaintiff must now proceed to the next step required by the Foreign Sovereign Immunities Act, 28 U.S.C. U.S.C. § 1608(a)(4).

letters rogatory and accompanying documents to transmit to the U.S. Secretary of State's Office, pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(a)(4) and (b)(3).

9. Plaintiff respectfully requests an extension of time to serve the Defendants in the manner required by the applicable rules and statutes.

   WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests that upon consideration of this Motion, the Court grant an extension of time in which to complete service of process upon the defendants. The Plaintiff further requests any such other relief as this Court may deem just.

Dated: March 10, 2022

Respectfully submitted,
**FOR PLAINTIFF STATE OF MISSISSIPPI**
**LYNN FITCH, ATTORNEY GENERAL**
**STATE OF MISSISSIPPI**
 */s/ Hart Martin*
Hart Martin, Miss. Bar No. 106129
Office of the Attorney General
Post Office Box 220
550 High Street, Suite 1200
Jackson, Mississippi 39205
Telephone: (601) 359-4223