UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **THE STATE OF MISSISSIPPI,** *ex rel.* **LYNN FITCH, in her official capacity as Attorney General of the State of Mississippi,** | **PLAINTIFF** |
| **VERSUS** | **CIVIL ACTION NO. 1:20-CV-168-LG-RPM** |
| **THE PEOPLE'S REP. OF CHINA, ET AL.** | **DEFENDANTS** |

## ORDER DENYING MOTION TO AUTHORIZE ALTERNATIVE FORMS OF SERVICE

I. BACKGROUND

Before the Court is Plaintiff's, the State of Mississippi, motion to authorize alternative methods of service pursuant to Federal Rule of Civil Procedure 4(h)(2). Doc. [14]. Plaintiff wishes to serve Defendants Chinese Academy of Sciences ("CAS") and Wuhan Institute of Virology ("Wuhan Institute") by email. Plaintiff also asks the Court to issue an order directing Plaintiff to serve Defendant Communist Party of China as the Court sees fit pursuant to the Foreign Sovereign Immunities Act ("FSIA") or the Federal Rules of Civil Procedure. Doc. [14], at 1 and 11.

Plaintiff filed this action in May 2020 against various Chinese entities. Doc. [1]. In August 2021, over a year after filing the action, it attempted to serve Defendants in accordance with the Hague Convention. On February 22, 2022, Plaintiff received notice from the Ministry of Justice for the People's Republic of China that service would not be accepted because China objected under Article 13 of the Hague Service Convention. Plaintiff then brought this motion. Doc. [14].

II. APPLICABLE LAW

   a. Foreign Sovereign Immunities Act

Plaintiff has initiated a lawsuit involving entities of a foreign state, which implicates the FSIA. *See* 28 U.S.C. § 1603. Rule 4(j) of the Federal Rules of Civil Procedure provides that "[a] foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608." Fed. R. Civ. P. 4(j).[1] In turn, Section 1608 "provides two avenues to serve a foreign sovereign, depending on the type of entity to be served." *Hopkins v. Subaru Telescope Nat'l Astronomical Observatory of Japan*, 2019 WL 5865619, at *3 (D. Haw. Nov. 8, 2019) (citing *Howe v. Embassy of Italy*, 68 F. Supp. 3d 26, 31 (D.D.C. 2014)). "A 'foreign state or [its] political subdivision' must be served pursuant to 28 U.S.C. § 1608(a), while 'an agency or instrumentality of a foreign state' must be served pursuant to 28 U.S.C. § 1608(b)." *Howe*, 68 F. Supp. 3d at 31.

Courts apply a "core functions" test to decide which section applies—"if the foreign entity's 'core functions' are predominantly governmental, then § 1608(a) applies, but if they are predominantly commercial, then § 1608(b) applies." *Hopkins*, 2019 WL 5865619, at *3; *see also Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 151–53 (D.C. Cir. 1994); *Magness v. Russian Fed'n*, 247 F.3d 609, 613–14 & n.7 (5th Cir. 2001); *Ministry of Def. & Support for Armed Forces of Islamic Rep. of Iran v. Cubic Def. Sys., Inc.*, 495 F.3d 1024, 1034 (9th Cir. 2007).[2] Once the appropriate section has been identified, service of process methods can be analyzed. Section 1608(b) provides for service by order of the Court. *See* § 1608(b)(3)(C) (noting that if service could not be made under the previous two provisions in the statute, service may be made "by

---

[1] "If a plaintiff fails to perfect service as required under the applicable provision of § 1608, the court lacks personal jurisdiction over the foreign entity pursuant to 28 U.S.C. § 1330(b)[.]" *Howe v. Embassy of Italy*, 68 F. Supp. 3d 26, 32 (D.D.C. 2014); *see also* 28 U.S.C. § 1330(b).

[2] *See Hopkins*, 2019 WL 5865619, at *3 (exploring factors to examine).

delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state ... as directed by order of the court[.]" This language is absent in Section 1608(a). *See Lovati v. Bolivarian Rep. of Venezuela*, 2020 WL 6647423, at *3 (S.D.N.Y. Nov. 11, 2020) (citing *Rep. of Sudan v. Harrison*, 139 S. Ct. 1048, 1058 (2019)).

    b. Alternative Service

As a general matter, individuals and entities located outside the United States may be served, "by any internationally agreed means of service that is reasonably calculated to give notice," including the Hague Convention, or "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(1), (3), (h)(2); *see Viahart, LLC v. GangPeng*, 2022 WL 445161, at *3 (5th Cir. 2022). Courts that have permitted electronic service have found the proposed method sufficient to comport with due process when, for example:

> (i) the plaintiff provided the email address, account, and/or website through which the plaintiff intends to contact the defendant;
> (ii) the plaintiff provided facts indicating the defendant to be served would likely receive the summons and complaint;
> (iii) the e-mail address used was for the defendant's retained attorney;
> (iv) the summons and complaint were translated into the language spoken in the nation in which service was effectuated; and/or
> (v) multiple valid forms of service were attempted.

*Capturion Network, LLC v. Liantronics, LLC*, 2021 WL 1083180, at *4 (S.D. Miss. Mar. 18, 2021) (citing *Parsons v. Shenzhen Fest Tech. Co.*, 2021 WL 767620, at *2 (N.D. Ill. Feb. 26, 2021)). The Fifth Circuit has found sufficient efforts when plaintiffs have tested the proposed emails to see if they 'bounced back' or used such email addresses to communicate with defendants. *Viahart*, 2022 WL 445161, at *3. In *Viahart*, a case the State of Mississippi highlights in its motion, the plaintiff hired a process server and attempted personal service after obtaining the defendant's address from the online marketplace where it sold its products.

III.  DISCUSSION

    a.  Applicable FSIA Provisions

Plaintiff has not sufficiently demonstrated which defendants are subject to which FSIA provisions. In its motion for alternative service, Plaintiff requests that the Court "issue an order directing Plaintiff as to the appropriate means to serve the Communist Party of China." Doc. [14], at 1. Plaintiff asks this because Plaintiff is unsure whether the Defendant falls into the category of a foreign state or an instrumentality of a foreign state. Doc. [14], at 3. Plaintiff writes: "Rule 4 does not have a mechanism for determining how to serve foreign political entities that do not comport with our American notions of governmental structure" and finds "China itself, is unclear and contradictory." Doc. [14], at 3 and 9. As noted above, there are established mechanisms for serving foreign states and instrumentalities. Moreover, Plaintiff fails to provide any insight on Defendant Communist Party of China's core functions. Instead of reaching the subject, Plaintiff merely concludes that the lines are blurry and invites the Court to make the determination. The Court declines this invitation.

Similarly, Plaintiff fails to adequately reach the issue concerning Defendants CAS and the Wuhan Institute. Plaintiff asserts that CAS is a private, non-governmental entity because it is a public policy institute and operates independently. Doc. [14], at 6. As for the Wuhan Institute, Plaintiff asserts it is a subsidiary of CAS. Despite insisting that Defendants are non-governmental entities, Plaintiff does not expound upon how either Defendant operates independently, is treated as a separate legal entity from the government, and whether its core functions are commercial in nature. In fact, other courts have applied the core functions test and found that the Wuhan Institute and CAS provide services traditionally associated with governments. Accordingly, these courts denied motions for alternative service. *Photos v.*

*People's Rep. of China*, 2020 WL 6889016, at *5 (N.D. Tex. Nov. 24, 2020); *see also Missouri ex rel. Schmitt v. People's Rep. of China*, 2022 WL 2643516, at *11 (E.D. Mo. July 8, 2022).

      b.  Alternative Service Efforts

Even if Plaintiff had established Defendants' core functions are commercial, Plaintiff has not met its burden for alternative service. Thus, the Court cannot find that service by email would comport with constitutional notions of due process. While Plaintiff has attempted to serve process through the Hague Convention and has translated service documents, Plaintiff fails to meet most of the considerations analyzed by courts. Plaintiff cites *Viahart* frequently in its motion, but Plaintiff has not made similar efforts as used in *Viahart*, such as hiring a process server and attempting personal service after obtaining the defendant's address. *Viahart*, 2022 WL 445161, at *3. In Contrast, after service under the Hague Convention proved unsuccessful, Plaintiff filed this motion "because service through ordinary channels . . . has proven futile." Doc. [14], at 2. Here, Plaintiff notes that Defendants' email addresses are posted on websites maintained by Defendants. Doc. [14], at 8. But, Plaintiff has neither provided the email addresses nor informed the Court where to find such websites. Most importantly, Plaintiff has given no indication whether the emails are operational. Thus, Plaintiff has not made a clear showing of how the preferred method of service will be reasonably calculated to apprise interested parties of the action. *See Capturion Network, LLC v. Liantronics, LLC*, 2021 WL 4342728, at *2 (S.D. Miss. Sept. 23, 2021) (granting leave to effectuate service through alternative methods after plaintiff identified three publicly available email addresses and presented evidence demonstrating that the email accounts are monitored and used to conduct business).

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's motion to authorize alternative methods of service is DENIED, subject to re-urging. **Plaintiff shall refile its motion**

**by November 28, 2022**. The Court is mindful that Plaintiff has already requested four extensions of time to serve process. Doc. [4, 9, 12, 14, 27]. If the motion is not re-urged, the Court may dismiss for want of prosecution as to these defendants. ("[A] court has the discretion to dismiss for want of prosecution if the plaintiff's delay in obtaining service is so long that it signifies failure to prosecute."); *Seebach v. Beetling Design Corp.*, 46 F. Supp. 3d 876 (E.D. Wis. 2014) (applying Williams to a case involving delayed service on foreign defendants); *Parsons*, 2021 WL 767620, at *4).

    SO ORDERED, this the 26th day of October 2022.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE