IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THE STATE OF MISSISSIPPI,
*ex rel.* LYNN FITCH, in her
official capacity as Attorney General
of the State of Mississippi,

 Plaintiff,

Civil Action No. 1:20-cv-168-TBM-RPM

THE PEOPLE'S REPUBLIC OF CHINA,
THE COMMUNIST PARTY OF CHINA,
NATIONAL HEALTH COMMISSION OF
THE PEOPLE'S REPUBLIC OF CHINA,
MINISTRY OF EMERGENCY
MANAGEMENT OF THE PEOPLE'S
REPUBLIC OF CHINA, MINISTRY OF
CIVIL AFFAIRS OF THE PEOPLE'S
REPUBLIC OF CHINA, PEOPLE'S
GOVERNMENT OF HUBEI PROVINCE,
PEOPLE'S GOVERNMENT OF WUHAN
CITY, WUHAN INSTITUTE OF VIROLOGY,
and CHINESE ACADEMY OF SCIENCES,

 Defendants.

## MOTION FOR EXTENSION OF TIME

 COMES NOW the Plaintiff, State of Mississippi, *ex rel.* Lynn Fitch, Attorney General, and respectfully files this Motion for Extension of Time in which to serve process, and, in support thereof, would show the following.

## INTRODUCTION

Under the Federal Rules of Civil Procedure, if a defendant is not served within 90 days after the complaint is filed, the court must dismiss the action or order that service be made within a specified time. Fed. R. Civ. P. 4(m). However, "[t]his subdivision (m) does not apply to service in foreign countries under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A)." *Id.*

Defendants in this matter are foreign entities, governments, or instrumentalities subject to service pursuant to Rule 4(h)(2) or 4(j)(1). Therefore, Rule 4's time limit for service does not apply to this matter.

## FACTUAL BACKGROUND

The Plaintiff filed its Complaint on May 12, 2020. Pursuant to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention") and the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(a)(2), Plaintiff sent a request to China's Central Authority to serve Defendants on or about August 17, 2021. On February 22, 2022, Plaintiff received notice from the Ministry of Justice, People's Republic of China that service was rejected under Article 13 of the Hague Service Convention because, "[t]he execution of the request would infringe the sovereignty or security of the People's Republic of China (Article 13)." Dkt. #12, Exhibit A. Article 13 of the Hague Service Convention permits rejection of properly submitted service requests "only if it deems that compliance would infringe its sovereignty or security."[1]

---

[1] Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Article 13, November 15, 1965 f4520725-8cbd-4c71-b402-5aae1994d14c.pdf (hcch.net).

On April 27, 2022, Plaintiff delivered documents to the Clerk's Office to serve the six governmental Defendants People's Republic of China, People's Government of Hubei Province, People's Government of Wuhan City, National Health Commission of the People's Republic of China, Ministry of Emergency Management of the People's Republic of China, and the Ministry of Civil Affairs of the People's Republic of China to the Clerk's Office. The Clerk transmitted these documents to the U.S. Department of State on the same day.

Following communication of receipt from the U.S. Department of State, Plaintiffs provided translated copies of the reissued summons to the U.S. Department of State via the Clerk's Office, and the U.S. Department of State has initiated the process of serving the governmental Defendants via diplomatic channels. Plaintiff was granted its fourth Motion for Extension of Time on October 26, 2022. Dkt. #4, #9, #12, and #27.

On November 22, 2022, Plaintiff filed its Second Motion to Authorize Alternative Methods of Service for non-governmental Defendants, Chinese Academy of Sciences, Wuhan Institute of Virology, and the Communist Party of China, as authorized by the Court. Dkt. #29. If this motion is granted, Plaintiff will serve the non-governmental Defendants via email.

## DISCUSSION

### I.   There is no firm deadline for perfecting service on a defendant located in a foreign country.

The Hague Service Convention sets forth permissible methods for effecting

service, but it is silent on the issue of a time limit for perfecting service.[2] The Federal Rules of Civil Procedure are also silent as to this question, other than noting that the domestic time limit of 90 days does not apply to service in a foreign country. Fed. R. Civ. P. 4(m). Courts have explained that the exclusion of foreign service from Rule 4's time limit "is reasonable, and helps to counterbalance the complex and time-consuming nature of foreign service of process." *Sang Young Kim v. Frank Mohn A/S*, 909 F. Supp. 474, 480 (S.D. Tex. 1995); *Beightler v. Produkte Fur Die Medizin AG*, 2008 WL 4160589 at *4 (N.D. Ohio Aug. 28, 2008).

## II. Plaintiff has demonstrated reasonable due diligence.

In 2012, the Fifth Circuit expressly adopted the "flexible due diligence" standard to evaluate the length of service on defendants located in foreign countries. *Lozano v. Bosdet*, 693 F.3d 485, 489 (5th Cir. 2012). Within that standard, "[g]ood faith and reasonable dispatch are the proper yardsticks." *Id*. Where a court finds that plaintiff has not demonstrated reasonable diligence in attempting service, the court may order a without-prejudice dismissal. *Id.*; *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005).

In *Lozano*, a Mississippi citizen sued foreign nationals involved in a traffic accident where she was injured. 693 F.3d at 486. Plaintiff made several different attempts at service, but all failed. *Id*. After granting two motions for extension of time, the district court dismissed the suit for lack of service. *Id*. The Fifth Circuit

---

[2] Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, November 15, 1965 f4520725-8cbd-4c71-b402-5aae1994d14c.pdf (hcch.net).

reversed the district court's decision, finding that plaintiff had demonstrated good faith efforts and reasonable diligence in her attempts to serve defendants. *Id.* at 491.

First, the Fifth Circuit pointed to Lozano's attempts to serve via mail, personal service, and lastly the Hague Service Convention. *Id.* at 490. Second, the court noted "her willingness to move for additional time 'out of caution,' despite correctly maintaining that Rule 4(m)'s time limit did not apply." *Id.* Third, the court found no evidence of intentional delay or actual prejudice. *Id.* The Fifth Circuit noted that the district court faulted the plaintiff for not pursuing Hague service until the third motion for extension of time. *Id.* The Fifth Circuit said that was only one factor for consideration in determining whether a plaintiff has demonstrated diligence in service attempts. *Id.* Additionally, the facts indicated that two defendants had knowledge of the suit, and prejudice was not a concern as to them. Finally, the court noted that Hague service was in process for one defendant located in Great Britain and that plaintiff's counsel hired a firm specializing in foreign service to transmit the documents. *Id.* For these reasons, the court found that the plaintiff demonstrated reasonable diligence and a good faith effort to serve defendants and reversed the district court's dismissal. *Id.* at 491.

Like the plaintiff in *Lozano*, Plaintiff State of Mississippi has made diligent and good faith efforts to serve Defendants in this case. In 2020, Plaintiff began interviewing firms that specialize in serving defendants and translating court documents into Simplified Chinese, eventually finalizing a contract with Viking

Advocates, LLC to assist with service on all Defendants via the Hague Service Convention. On or about August 17, 2021, Plaintiff transmitted the documents required under the Hague Service Convention to China's Central Authority. On February 22, 2022, Plaintiff received notice that service was rejected under Article 13 of the Hague Service Convention. On April 22, 2022, Plaintiff filed its first Motion to Authorize Alternative Methods of Service for non-governmental Defendants. On April 27, 2022, Plaintiff delivered documents to the Clerk's Office to serve governmental Defendants The People's Republic of China, People's Government of Hubei Province, People's Government of Wuhan City, National Health Commission of the People's Republic of China, Ministry of Emergency Management of the People's Republic of China, and the Ministry of Civil Affairs of the People's Republic of China. The Clerk transmitted these documents to the U.S. Department of State on the same day. Following communication of receipt from the U.S. Department of State, Plaintiffs provided translated copies of the reissued summons to the U.S. Department of State via the Clerk's Office, and the U.S. Department of has initiated the process of serving the governmental Defendants via diplomatic channels.

     Plaintiff has regularly requested status updates from the U.S. Department of State. As of the last inquiry, December 14, 2022, the Department advised that the documents are in transit to the U.S. Embassy in Beijing. Exhibit A. On November 22, 2022, Plaintiff filed its Second Motion to Authorize Alternative Methods of Service as to non-governmental Defendants the Chinese Communist Party, Wuhan

Institute of Virology, and Chinese Academy of Sciences. If that motion is granted, Plaintiff will then attempt service via email. Plaintiff has made and continues to make diligent and good faith efforts to serve all Defendants in this case.

Also, as in *Lozano*, Plaintiff has continued to file motions for extension of time, even though Rule 4(m)'s timing requirements do not apply. Plaintiff has noted that the timing requirements do not apply in every motion for extension of time filed. Dkt. #4, #9, #12, and #27.

### III. There has been no prejudice to Defendants.

In *Lozano*, the court also considered whether the delay in service had prejudiced the defendants. *Lozano*, 693 F.3d at 490. The court found that because two defendants telephoned the process server for more information about the suit and the plaintiff averred a social relationship with the other defendant, defendants were at least on notice of the suit, and there was no concern of prejudice to them. *Id.*

In Washington D.C., where flexible due diligence is also the standard, the courts look to prejudice as a factor in delays of service. *Ashraf-Hassan v. Embassy of France in U.S.*, 878 F. Supp. 2d 164, 174 (D.C. Dist. Ct. July 20, 2012). In *Ashraf*, the plaintiff attempted to serve the defendant, a foreign entity, through a representative, but the representative refused to accept service. *Id.* Eventually, the plaintiff was able to serve the defendant, and the defendant did not offer any evidence of prejudice from the delay. *Id.* The court found that service in *Ashraf* met the flexible due diligence standard. *Id.*

Plaintiff's, State of Mississippi, first attempt at service was sent via the

Hague Service Convention procedures to China's Central Authority in August of 2021. As a signatory to the Hague Service Convention, each "Contracting State" is required to establish a Central Authority to receive service requests.[3] In this case, China's Central Authority was established by the People's Republic of China. Plaintiff's request was received by China's Central Authority, as confirmed by their February 22, 2022 rejection. Thus, at least one defendant, if not all, have been put on notice of this suit. Additionally, no Defendant in this case has offered evidence of prejudice from the delay in service.

### IV.   Service is feasible.

In 1992, the Third Circuit vacated a district court's dismissal order where service was "eminently [sic] feasible." *Umbenhauer v. Woog*, 969 F.2d 25, 31 (3d Cir. 1992).[4] In *Umbenhauer*, plaintiffs first attempted to serve process on the Swiss defendants under then Rule 4(i)(1)(D), since amended, which authorized service by mail, requiring a signed receipt, to be addressed and dispatched by the clerk of the court. *Id.* at 27. But, "the district court clerk informed the plaintiffs that, at the request of the United States Department of State, the Administrative Office of the United States Courts had instructed its clerks not to serve process on Swiss citizens under that Rule." *Id.* at 27-28. The plaintiffs next attempted to serve process under then Rule 4(c)(2)(C), since amended, by sending a copy of the summons, complaint, and a federal acknowledgement of service form to the Swiss defendants. *Id.* at 28.

---

[3] Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Article 2, November 15, 1965 f4520725-8cbd-4c71-b402-5aae1994d14c.pdf (hcch.net).
[4] The context of the holding indicates that the court likely meant "imminently" rather than "eminently."

The Swiss defendants failed to acknowledge service. *Id.* Then, the plaintiffs moved for a default judgment, and the Swiss defendants moved for a motion to dismiss for insufficiency of process. *Id.* The district court denied the plaintiffs' motion and granted the defendants' motion to dismiss. Id. On appeal, the Third Circuit found that the district court improperly disregarded then Rule 4(i)(1)(D). *Id.* at 32. The Court explained, "[n]either we, the Department of State, nor the Administrative Office of the United States Courts possess the authority to circumvent, ignore or deviate from the Federal Rules of Civil Procedure." *Id.* As to feasibility, the court found that service of process on the Swiss defendants was "eminently [sic] feasible" and that plaintiffs would be able to make a second attempt under then Rule 4(c)(2)(C)(i), since amended. *Id.* at 31. The court also noted that "dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained. In such instances, the district court should, at most, quash service, leaving the plaintiffs free to effect proper service." *Id.* at 30.

In the present case, service is also imminently feasible. As noted in the attached exhibit, service documents for the six governmental Defendants are in route to the U.S. Embassy in Beijing. Exhibit A. Thereafter, the documents are to be transmitted to the Ministry of Foreign Affairs of the People's Republic of China. The Department of State has indicated that it will take several weeks to then receive proof of service. Lastly, if Plaintiff's Second Motion to Authorize Alternative Methods of Service is granted, Plaintiff's will also serve the three remaining non-governmental Defendants via email.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests that upon consideration of this Motion, the Court grant an extension of time in which to complete service of process upon the defendants. The Plaintiff further requests any such other relief as this Court may deem just.

Dated: December 16, 2022

Respectfully submitted,
**FOR PLAINTIFF STATE OF MISSISSIPPI**
**LYNN FITCH, ATTORNEY GENERAL**
**STATE OF MISSISSIPPI**
 */s/ Elisabeth Hart Martin*
Elisabeth Hart Martin, Miss. Bar No. 106129
Office of the Attorney General
Post Office Box 220
550 High Street, Suite 1200
Jackson, Mississippi 39205
Telephone: (601) 359-4223