UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| THE STATE OF MISSISSIPPI, *ex rel.* LYNN FITCH, in her official capacity as Attorney General of the State of Mississippi, | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:20-CV-168-TBM-RPM |
| THE PEOPLE'S REPUBLIC OF CHINA, ET AL. | DEFENDANTS |

## **ORDER DENYING MOTION FOR ALTERNATIVE SERVICE**

Before the Court is Plaintiff's, the State of Mississippi, second motion to authorize alternative methods of service pursuant to Federal Rule of Civil Procedure 4(h)(2). Doc. [29]. Plaintiff wishes to serve Defendants Chinese Academy of Sciences ("CAS"), Wuhan Institute of Virology ("WIV"), and the Chinese Communist Party ("CCP") by email. Plaintiff argues these Defendants are foreign entities with predominantly commercial functions; and thus, can be served via email. Plaintiff previously sought alternative service on these Defendants. Doc. [14]. This motion was denied on October 26, 2022. Doc. [28.] Plaintiff moves for such relief again after providing greater explanation on the Defendants' core functions, which relates to the pertinent test.

I. BACKGROUND

Plaintiff filed this action in May 2020 against various Chinese entities. Doc. [1]. In August 2021, it attempted to serve Defendants in accordance with the Hague Convention. In February 2022, Plaintiff received notice from the Ministry of Justice for the People's Republic of China that service would not be accepted because China objected under Article 13 of the Hague Service Convention. Plaintiff then sought alternative service. Doc. [14]. Plaintiff has received four continuances to serve process in this matter. While Plaintiff moves to serve Defendants CAS, WIV,

and CCP by email, it has also sought service on the rest of the named Defendants. Plaintiff acknowledges that the remainder of the named Defendants have governmental functions. Accordingly, it has been attempting service upon those Defendants through diplomatic channels pursuant to 28 U.S.C. § 1608(a)(4).[1]

II. APPLICABLE LAW

    a. Foreign Sovereign Immunities Act

Plaintiff has initiated a lawsuit involving entities of a foreign state, which implicates the FSIA. *See* 28 U.S.C. § 1603. Rule 4(j) of the Federal Rules of Civil Procedure provides that "[a] foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608." Fed. R. Civ. P. 4(j).[2] In turn, § 1608 "provides two avenues to serve a foreign sovereign, depending on the type of entity to be served." *Hopkins v. Subaru Telescope Nat'l Astronomical Observatory of Japan*, 2019 WL 5865619, at *3 (D. Haw. Nov. 8, 2019) (citing *Howe v. Embassy of Italy*, 68 F. Supp. 3d 26, 31 (D.D.C. 2014)). "A 'foreign state or [its] political subdivision' must be served pursuant to 28 U.S.C. § 1608(a), while 'an agency or instrumentality of a foreign state' must be served pursuant to 28 U.S.C. § 1608(b)." *Howe*, 68 F. Supp. 3d at 31.

Courts apply a "core functions" test to decide which section applies—"if the foreign entity's 'core functions' are predominantly governmental, then § 1608(a) applies, but if they are predominantly commercial, then § 1608(b) applies." *Hopkins*, 2019 WL 5865619, at *3; *see also Ministry of Def. & Support for Armed Forces of Islamic Republic of Iran v. Cubic Def. Sys., Inc.*,

---

[1] Plaintiff acknowledges that the other named Defendants are governmental in nature. These Defendants are People's Republic of China, People's Government of Hubei Province, People's Government of Wuhan City, National Health Commission of the People's Republic of China, Ministry of Emergency Management of the People's Republic of China, and the Ministry of Civil Affairs of the People's Republic of China.

[2] "If a plaintiff fails to perfect service as required under the applicable provision of § 1608, the court lacks personal jurisdiction over the foreign entity pursuant to 28 U.S.C. § 1330(b)[.]" *Howe v. Embassy of Italy*, 68 F. Supp. 3d 26, 32 (D.D.C. 2014); see also 28 U.S.C. § 1330(b).

495 F.3d 1024, 1034 (9th Cir. 2007); *Magness v. Russian Fed'n*, 247 F.3d 609, 613–14 & n.7 (5th Cir. 2001); *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 151–53 (D.C. Cir. 1994). Once the appropriate section has been identified, service of process methods can be analyzed. Section 1608(b) provides for service by order of the Court. *See* 28 U.S.C. § 1608(b)(3)(C) (noting that if service could not be made under the previous two provisions in the statute, service may be made "by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state . . . as directed by order of the court"). This language is notably absent in § 1608(a). *See Lovati v. Bolivarian Republic of Venezuela*, 2020 WL 6647423, at *3 (S.D.N.Y. Nov. 11, 2020) (citing *Republic of Sudan v. Harrison*, 139 S. Ct. 1048, 1058 (2019)).

III. DISCUSSION

    a. Chinese Academy of Sciences

Plaintiff asserts that CAS operates with a commercial nature because it develops intellectual property, like patents, and partners with other research facilities. As support, Plaintiff provides the CAS website. Doc. [29], at 11. Although Plaintiff contends that the development of intellectual property demonstrates a commercial function, it has failed to establish CAS' actions are similar to private entities engaging in commerce. "The question is not whether the foreign government is acting with a profit motive or instead with the aim of fulfilling uniquely sovereign objectives. Rather, the issue is whether the government's particular actions (whatever the motive behind them) are the type of actions by which a private party engages in commerce." *Est. of Hartwick v. Islamic Republic of Iran*, 2021 WL 6805391, at *5 (D.D.C. Oct. 1, 2021) (quoting *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 614 (1992)). Plaintiff has not cited to any authority and the Court is unaware of authority finding the registration of patents to be a commercial function.

Further, Plaintiff has not provided sufficient support demonstrating CAS uses its intellectual property to facilitate innovation and investment in a commercial setting. Plaintiff argues that CAS has developed drugs to compete in the global marketplace, which presents a commercial function. As support, Plaintiff cites to a CAS press report. However, the report does not indicate that CAS was developing drugs for profit. Instead, the report explains that "Chinese companies" are making "research breakthroughs." Given these breakthroughs, the article notes that CAS members were part of "an evaluation committee" to select "achievements in medicine in China last year." The report fails to illustrate any commercial efforts by CAS. *Cf. Est. of Hartwick*, 2021 WL 6805391, at *5 (finding the National Iranian Oil Company's research and funding operations were the type of activities taken by private entities engaging in commerce after the plaintiff's expert explained that the entity was involved in the production and sale of oil); *Holladay v. Islamic Republic of Iran*, 406 F. Supp. 3d 55, 60 (D.D.C. 2019) (explaining that Bank Melli Iran's core function was commercial because it "provides commercial banking services in Iran and internationally"); *Smith v. Overseas Korean Cultural Heritage Found.*, 279 F. Supp. 3d 293, 297 (D.D.C. 2018) (finding that operating a cultural museum "is an act in which both public and private entities may engage . . .[t]herefore, the act is commercial").

As additional support, Plaintiff submits a letter found in a nature magazine authored by CAS. Doc. [29], at 12. Plaintiff argues the letter demonstrates CAS' funding and overall structure have a non-governmental nature. However, at best, the letter is highly ambiguous. As to CAS' funding, the letter states, "CAS has never sought or achieved financial autonomy. Over the past 40 years, half of its income has come directly from central-government investment." As to CAS' structure, the letter explains "CAS is not run independently of government . . . [t]he establishment and development of CAS have been entirely based on the wisdom and support of the central

4

government." Doc. [29]. [3] Plaintiff's reliance on the CAS letter is misguided. The letter speaks to CAS' scientific interests but lacks proof of any resulting commercial activities.

Also concerning CAS' structure, Plaintiff suggests the entity is non-governmental because CAS receives half and not all of its funding from the government. Doc. [29], at 11. The Court does not find this argument convincing. *See Hopkins*, 2019 WL 5865619, at *3 (finding an entity's functions were predominantly governmental after noting "[i]ts funding for management and facilities maintenance comes from the Japanese government"). On the subject of funding, Plaintiff points to CAS' efforts financing development. While funding development could be viewed as commercial, Plaintiff has not identified any steps or operations taken by CAS to establish business enterprises or generate revenue. *Cf. Est. of Hartwick*, 2021 WL 6805391, at *5 (explaining that the National Iranian Oil Company "has taken major steps toward establishing business enterprises" by providing financial resources for development, and "generat[ing] billions of dollars in annual revenue and us[ing] this revenue to fund its operations and investment in developing Iran's oil industry").

Plaintiff has also failed to establish that CAS is a separate legal entity from the Chinese government. Plaintiff's evidence certainly does not indicate much separation. Pursuant to § 1603(b), courts examine whether the entity in question is a separate legal entity from the foreign state. *See Magness*, 247 F.3d at 613. Considering Plaintiff's allegations and proffered support, Plaintiff has not shown that CAS is not "so closely bound up with the structure of the state" that it should be considered the state itself. *Holladay*, 406 F. Supp. 3d at 59 (quoting *Transaero, Inc.*, 30 F.3d at 153).

---

[3] Plaintiff did not submit the letter as an exhibit. Rather, Plaintiff referenced the letter in a footnote of its motion for alternative service.

After applying the core functions test, the Court finds Plaintiff has not proffered record evidence demonstrating that CAS carries out a variety of commercial activities. Although Plaintiff has shown that CAS engages in research and development, the Court is not persuaded that CAS' commercial functions predominate over its governmental functions.

    b. Wuhan Institute of Virology

Another court has already suggested that WIV "provides services traditionally associated with governments." *Photos v. People's Republic of China*, 2020 WL 6889016, at *5 (N.D. Tex. Nov. 24, 2020). Plaintiff notes that WIV is a subsidiary of CAS. Doc. [29], at 11. As discussed above, the Court is unpersuaded by Plaintiff's proof that CAS' core functions are commercial. Plaintiff makes similar arguments for WIV as it did regarding CAS. It contends that WIV has patented intellectual property and developed drugs for market. As support, it cites a Global Times article, a tabloid long associated with promoting the CCP agenda.[4] The article is entitled "Chinese researchers make progress in COVID-19 oral drugs." The article reports that WIV jointly developed a drug to treat COVID-19. However, the article makes no mention of any commercial enterprises. Plaintiff also asserts that WIV engages in research and development activities. Like above, Plaintiff has not persuaded the Court that WIV's core functions are predominantly commercial. Thus, this Court agrees with others that WIV is a foreign state or a political subdivision of China. *See Photos*, 2020 WL 6889016, at *5.

---

[4] Angela Huyue Zhang, The U.S.-China Trade Negotiation: A Contract Theory Perspective, 51 Geo. J. Int'l L. 809, 856 (2020); *China's Global Times Plays a Peculiar Role*, The Economist, (Sep. 20, 2018), China's Global Times plays a peculiar role | The Economist; *China Media Guide*, BBC, (Dec. 21, 2022) China media guide - BBC News.

      c.  Chinese Communist Party

In *Missouri ex rel. Schmitt v. People's Republic of China*, the Court concluded, after extensive analysis, that CCP "can be sued only under the FSIA." 2022 WL 2643516, at *8 (E.D. Mo. July 8, 2022). The court reasoned, "CCP can and should be seen . . . as a body politic that governs a particular territory." *Id*. (citing *Samantar v. Yousuf*, 560 U.S. 305, 314 (2010). The Court finds that CCP is subject to service under § 1608(a) as "the foreign state or [a] political subdivision" thereof. 28 U.S.C. § 1608(a). The core functions of CCP are inherently governmental.

## IV. CONCLUSION

Plaintiff has not established that CAS, WIV, or CCP have commercial functions; and thus, can be served alternately via email. The Court concludes that Plaintiff's motion for alternative service should be denied because all three defendants are subject to service under § 1608(a) as "the foreign state or [a] political subdivision" thereof. 28 U.S.C. § 1608(a). Meanwhile, Plaintiff sued six other Defendants. Plaintiff already acknowledges that those Defendants are governmental in nature and governed by § 1608(a). *Id*. For those Defendants, Plaintiff has initiated service through diplomatic channels pursuant to 28 U.S.C. § 1608(a)(4). As part of this process, Plaintiff has provided translated copies of the reissued summons to the U.S. Department of State to initiate the process of serving the governmental Defendants.

Given that Plaintiff recognizes the remainder of Defendants are governmental, this order effectively deems all named Defendants as "the foreign state or [a] political subdivision" thereof under the FSIA. 28 U.S.C. § 1608(a). As the Court is denying Plaintiff's motion for alternative service, the Court will grant Plaintiff additional time if it wishes to serve Defendants CAS, WIV, and CCP through diplomatic channels. The Court grants Plaintiff an additional 30 days, setting a deadline of **April 1, 2023**, to transmit the pertinent documents to the U.S. Department of State for

governmental Defendants CAS, WIV, and CCP. If Plaintiff attempts service through diplomatic channels, the Court requires Plaintiff to file a notice with the Court stating it has transmitted the documents to the U.S. Department of State on or before the deadline; and thus, began the process of serving Defendants CAS, WIV, and CCP pursuant to § 1608(a)(4).

SO ORDERED AND ADJUDGED that Plaintiff's motion for alternative service be denied, this the 1st day of March 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE