IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THE STATE OF MISSISSIPPI, ex rel. LYNN FITCH, in her official capacity as Attorney General of the State of Mississippi,

    Plaintiff,

v.                                                   Civil Action No.1:20-cv-168-TBM-RPM

THE PEOPLE'S REPUBLIC OF CHINA, THE COMMUNIST PARTY OF CHINA, NATIONAL HEALTH COMMISSION OF THE PEOPLE'S REPUBLIC OF CHINA, MINISTRY OF EMERGENCY MANAGEMENT OF THE PEOPLE'S REPUBLIC OF CHINA, MINISTRY OF CIVIL AFFAIRS OF THE PEOPLE'S REPUBLIC OF CHINA, PEOPLE'S GOVERNMENT OF HUBEI PROVINCE, PEOPLE'S GOVERNMENT OF WUHAN CITY, WUHAN INSTITUTE OF VIROLOGY, and CHINESE ACADEMY OF SCIENCES,

    Defendants.

## MEMORANDUM IN SUPPORT OF
## MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF

The China Society of Private International Law ("The Society"), through counsel, respectfully submits its Memorandum in Support of Motion for Leave to File *Amicus Curiae* Brief ("*Amicus* Brief").

The Society's proposed *Amicus* Brief analyzes whether subject-matter jurisdiction exists under the Foreign Sovereign Immunities Act's ("FSIA") "commercial activity" exception to sovereign immunity based on alleged acts within China's borders by Defendants responding to

COVID-19. Based on the analysis below, The Society respectfully requests that its Motion for Leave to File *Amicus Curiae* Brief be granted.[1]

## I. STATEMENT OF INTEREST

The Society is an appropriate *amicus curiae* in this action. The Society is an academic organization formed under Chinese law and dedicated to the theory and practice of private international law. It is one of the largest academic groups in the world focused on private international law, and its members include law professors, scholars, experts, consultants, and practicing attorneys. "Law professors and lawyers practicing in a specialized field" such as international law commonly serve as *amici* in U.S. courts. *See* Reagan William Simpson & Mary R. Vasaly, *The Amicus Brief: How to be a Good Friend of the Court* 17 (2d ed. 2004).

For decades, The Society has dedicated its efforts to the consistent interpretation and application of international law and principles of sovereign immunity. Since 1980, these efforts have included publishing "The Model Law of Private International Law" and the annual "Chinese Yearbook of Private International Law and Comparative Law."

The Society is interested in furthering relations between China and the United States, which benefit peoples in both countries economically and otherwise. The Society has been following the instant matter because it has significant implications for the theory and practice of private international law, the interpretation and application of the FSIA and its exceptions to sovereign immunity, and Sino-U.S. relations.

## II. LEGAL STANDARD

"A non-party . . . may submit a brief as an amicus curiae in order to assist the court in reaching a proper decision." *Cox v. Morris*, No. 3:18-CV-30-DMB-JMV, 2019 WL 1601367, at *5

---

[1] In a similar suit brought by the State of Missouri, the district court accepted The Society's *amicus* brief. *Missouri ex rel. Schmitt v. People's Republic of China*, 610 F. Supp. 3d 1174, 1180 n.1 (E.D. Mo. 2022).

(N.D. Miss. Apr. 15, 2019) (citing *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008)). "No federal rule exists governing the procedural or substantive requirements for district court amicus curiae briefs." *United States v. City of New Orleans*, No. CV 12-1924, 2022 WL 4465534, at *1 (E.D. La. Sept. 26, 2022). In addition, no statute or controlling case defines a district court's power to grant or deny leave to file an amicus brief. *U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007). As a result, the district courts have "broad discretion" to accept or reject an *amicus* brief. *Lefebure v. D'Aquilla*, 15 F.4th 670, 673 (5th Cir. 2021) (holding that "whether to permit a nonparty to submit a brief, as amicus curiae, is … a matter of judicial grace"). A district court's broad discretion is derived from its "inherent docket-management authority…." *City of New Orleans*, 2022 WL 4465534, at *1.

Without a controlling body of law, "district courts commonly refer to Federal Rule of Appellate Procedure 29" for guidance. *Sierra Club v. FEMA*, No. CIV.A. H-07-0608, 2007 WL 3472851 at *1 (S.D. Tex. Nov. 14, 2007); *Cox,* 2019 WL 1601367, at *5. Even so, Rule 29 does not infringe upon a district court's broad authority to accept or reject an *amicus* brief based on the Court's subjective determination of the brief's usefulness. *In re Halo Wireless, Inc.*, 684 F.3d 581, 595 (5th Cir. 2012) (citing *Fry v. Exelon Corp. Cash Balance Pension Plan*, 576 F.3d 723, 725 (7th Cir. 2009) (holding that courts have discretion to accept *amicus* briefs regardless of whether they comply with the timing considerations of Federal Rule of Appellate Procedure 29).

In the Fifth Circuit, district courts consider "a series of factors to guide the exercise of [their] discretion" over amicus briefs. *City of New Orleans*, 2022 WL 4465534, at *1; *In re Halo Wireless, Inc.*, 684 F.3d at 596; *United States v. Hamdan*, No. CR 19-60-WBV-KWR, 2021 WL 809376, at *5 (E.D. La. March 3, 2021). Factors relevant to deciding whether the court should allow amicus briefing include whether the proffered information is timely or useful or otherwise

necessary to the administration of justice. *Cox v. Morris*, No. 3:18-CV-30-DMB-JMV, 2019 WL 1601367, at *5 (N.D. Miss. Apr. 15, 2019) (citing *U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 928 (S.D. Tex. 2007).

### III. ARGUMENT

#### A. The Society's proposed Amicus Brief will be useful to this Court.

##### 1. The Amicus Brief analyzes points of law relevant to subject-matter jurisdiction.

Amicus briefs that provide points of law or legal arguments are favored by courts. *In re Halo Wireless, Inc.*, 684 F.3d at 596 ("an amicus is one who 'for the assistance of the court gives information of some matter of *law*….'") (emphasis added); *Sierra Club*, 2007 WL 3472851, at *3 (favoring an amicus with "access to greater technical, scientific, or *legal expertise*") (emphasis added); *Cox*, 2019 WL 1601367, at *5 (an amicus brief discussing *issues of law* on motion for summary judgment held "useful and necessary to the administration of justice").

The Society's *Amicus* Brief addresses issues of private international law by analyzing subject-matter jurisdiction under the FSIA and its exceptions to sovereign immunity. For example, The Society's *Amicus* Brief explains the "commercial activity" exception to sovereign immunity under the FSIA, and analyzes whether alleged acts satisfy this exception. As part of its analysis, The Society's *Amicus* Brief addresses legal concepts including "foreign state" as "regulator" of markets versus private participant, and the "exercise of police power." The Society also addresses exceptions to the FSIA's exceptions. For example, the "discretionary function" exception preserves a foreign state's immunity when other exceptions may apply. The *Amicus* Brief also addresses Congressional intent for the FSIA based on its legislative history. Finally, The Society touches on policy considerations associated with the exercise of subject-matter jurisdiction under the FSIA and the act of state doctrine.

The Society respectfully submits that its *Amicus* Brief analyzing points of law relevant to the Court's consideration of subject-matter jurisdiction should be allowed.

### 2. Without the *Amicus* Brief, only one point of view will be represented.

An amicus brief normally should be allowed when a party *is not represented at all*. *In re Halo Wireless, Inc.*, 684 F.3d at 596 (cleaned up); *Cox*, 2019 WL 1601367, at *5 (an *amicus* brief is "useful and necessary to the administration of justice" when it addresses legal issues "in the absence" of a brief by a party); *Sierra Club*, 2007 WL 3472851, at *1 (an amicus brief is appropriate when "existing counsel may need supplementing assistance[,]" which necessarily occurs if no counsel has made an appearance). Similarly, an "*amicus curiae* brief which brings relevant matter to the attention of the Court that has not already been brought to its attention by the parties is of *considerable help* to the Court." 4 Am. Jur. 2d *Amicus Curiae* § 1 (advisory committee's note) (emphasis added).

Defendants have not made an appearance in this matter. As a result, Plaintiff's point of view is the only point of view before the Court. Given the importance of subject-matter jurisdiction, Plaintiff's perspective should not be the only perspective considered.

In this regard, The Society serves the traditional "role of amicus curiae [which] is to assist the court in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel [or in the absence of counsel], and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." 4 Am. Jur. 2d Amicus Curiae § 1 (citing *Mobile County Water, Sewer and Fire Protection Authority, Inc. v. Mobile Area Water and Sewer Systems, Inc.*, 567 F. Supp. 2d 1342 (S.D. Ala. 2008), *aff'd*, 564 F.3d 1290 (11th Cir. 2009); *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*, 308 F.R.D. 39 (D. Mass. 2015), *aff'd*, 807 F.3d 472 (1st Cir. 2015); *Sierra Club v. Wagner*, 581 F. Supp. 2d 246 (D.N.H. 2008), aff'd 555 F.3d 21 (1st Cir. 2009)).

The Society's *Amicus* Brief provides legal analysis that will not be before the Court otherwise. Therefore, the proposed *Amicus* Brief should be allowed.

### 3. The *Amicus* Brief analyzes "complex" and "esoteric" issues of law.

Courts have regarded *amici* as helpful when providing informed analysis of complex or esoteric points of law. *See Sierra Club*, 2007 WL 3472851, at *1-2 (citing *Leigh v. Engle*, 535 F. Supp. 418, 422 (N.D. Ill. 1982) (*amicus* briefs can be useful when addressing "*complex*" or "*esoteric*" issues of law); *City of New Orleans*, 2022 WL 4465534, at *2 (when "legal standards" are "complex or ambiguous" an amicus may be appropriate); *Ryan*, 125 F.3d at 1064 (a court benefits by "being pointed to considerations germane to [the court's decision] that the parties for one reason or another have not brought to [the court's] attention.").

The issues before the Court, which include subject-matter jurisdiction under the FSIA and its exceptions, are complex and esoteric. This would be true under normal application of the FSIA and its exceptions, but even more so here where Plaintiff has premised subject-matter jurisdiction on alleged acts by "foreign state" Defendants in relation to the global pandemic. As such, The Society's *Amicus* Brief will be useful as the Court considers whether subject-matter jurisdiction exists under the FSIA's exceptions to sovereign immunity.

### B. The Society's Motion for Leave and proposed *Amicus* Brief are timely.

Ordinarily, an *amicus* brief in an appellate matter would follow a "principal brief" by a party. Fed. R. App. P. 29(a)(6). Here, the Complaint was filed in May 2020. Thereafter, more than two years were spent on service. To this day, none of the Defendants have entered an appearance or answered. Accordingly, no "principal brief" has been or will be filed addressing subject-matter jurisdiction. Instead, The Society filed its Motion for Leave within seven days after Plaintiff moved for default judgment against six governmental Defendants.

Moreover, Rule 29(a)(6)'s "timing" consideration is expressly non-binding. In *In re Halo Wireless*, the Fifth Circuit held that a court has "discretion to accept an untimely filing when the value of the potential amicus brief justifies the inconvenience of requiring the judges to review a case multiple times…." *Fry v. Exelon Corp. Cash Balance Pension Plan*, 576 F.3d 723, 725 (7th Cir. 2009) (cited in *In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012)). The Fifth Circuit defines untimely in terms of the inconvenience of a belated filing.

The Society's *Amicus* Brief does not visit such "inconvenience" on the Court. *Id*. To the contrary, the Court has not reached into the substance of the case to date. The Society filed its Motion for Leave within seven days after Plaintiff moved for default judgment, thereby making subject-matter jurisdiction a pending issue the Court must decide before considering Plaintiff's motion for default judgment. *Fisher v. Madlock*, No. 6:18CV083, 2022 WL 1233751, at *3 (E.D. Tex. Feb. 16, 2022) (citing *Forsythe v. Saudi Arabian Airlines*, 885 F.2d 285, 288 (5th Cir. 1989) ("a party cannot waive subject matter jurisdiction by its silence.").

The Society respectfully submits that its Motion for Leave and *Amicus* Brief are timely and subject-matter jurisdiction is ripe for consideration.

## IV.  CONCLUSION

The Society respectfully submits that its proposed *Amicus* Brief addressing issues of law under the FSIA and its exceptions is timely, appropriate, within the Court's "broad discretion" to allow, and should be allowed.

Accordingly, The Society respectfully requests that its Motion for Leave to File *Amicus Curiae* Brief be granted.

Dated: July 25, 2023

                      Respectfully submitted,

                      CARROLL BUFKIN, PLLC

By: _____
     Thomas G. Bufkin

*Counsel for The China Society*
*of Private International Law*

THE CHINA SOCIETY OF PRIVATE
INTERNATIONAL LAW
c/o International Law Institute of Wuhan University
Wuchang District
Wuhan, China 430072

Thomas G. Bufkin, MSB# 10810
CARROLL BUFKIN, PLLC
1076 Highland Colony Parkway
Suite 125
Ridgeland, Mississippi 39157
T: (601) 982-5011
F: (601) 853-9540
tgb@carrollbufkin.com

8

## **CERTIFICATE OF SERVICE**

I certify that I have this day filed the above and foregoing document *via* ECF, which automatically serves a copy on all counsel of record.

Dated: July 25, 2023

/s/ Thomas G. Bufkin

_____

THOMAS G. BUFKIN