UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THE STATE OF MISSISSIPPI, *ex rel.*            PLAINTIFF
LYNN FITCH, in her official capacity as
Attorney General of the State of
Mississippi,

VERSUS            CIVIL ACTION NO. 1:20-CV-168-TBM-RPM

THE PEOPLE'S REP. OF CHINA, et al            DEFENDANTS

## ORDER GRANTING MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF

Before the Court is a Motion for Leave to File Amicus Curiae Brief filed by The China Society of Private International Law ("China Society"). Doc. [46]. "The extent to which the court permits or denies *amicus* briefing lies solely within the court's discretion." *U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007), *aff'd sub nom. U.S. ex rel. Gudur v. Deloitte & Touche*, 2008 WL 3244000 (5th Cir. Aug. 7, 2008). "No statute, rule, or controlling case defines a federal district court's power to grant or deny leave to file an *amicus* brief . . . ." *Id*. However, "[d]istrict courts commonly refer to Rule 29 [of the Federal Rules of Appellate Procedure] for guidance." *Id.* Rule 29 provides that "an amicus curiae must file its brief, accompanied by a motion for filing, when necessary, no later than 7 days after the principal brief of the party being supported is filed." Fed. R. App. P. 29(a)(6). Furthermore, the motion for leave to file an amicus brief must state "(A) the movant's interest; and (B) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." *Id.* at 29(a)(3). "Factors relevant to the determination of whether amicus briefing should be allowed include whether the proffered information is 'timely and useful' or otherwise necessary

to the administration of justice." *Gudur*, 512 F. Supp. 2d at 927; *Cox v. Morris*, 2019 WL 1601367, at *5 (N.D. Miss. Apr. 15, 2019).

China Society represents itself as an academic organization, formed under Chinese law, dedicated to the practice of international law. Doc. [46]. China Society's Motion for Leave to File Amicus Curiae Brief was timely filed seven days after the principal brief, the Motion for Default Judgment. Doc. [43; 46]. China Society properly attached its proposed amicus curiae brief. Doc. [46-1]. China Society implicitly argues its brief will be useful because it addresses jurisdictional issues related to the Foreign Sovereign Immunities Act ("FSIA"). China Society also notes that Defendants have not appeared in this matter. Accordingly, China Society states its perspective that the Court lacks subject matter jurisdiction is unique. Plaintiff opposes China Society's amicus request claiming that China Society has failed to disclose its true interest in this matter. Doc. [48].

China Society's brief is both timely and useful. It is relevant to jurisdictional issues related to the FSIA and is desirable in order to have a more complete record on such issues. *See Missouri ex rel. Schmitt v. People's Republic of China*, 610 F. Supp. 3d 1174, 1180 n.1 (E.D. Mo. 2022) (noting China Society was previously granted leave to submit an amicus curiae brief); *Jin v. Ministry of State Security*, 557 F. Supp. 2d 131, 137-38 (D.D.C. 2008) (permitting China Society to submit an amicus curiae brief).

IT IS THEREFORE ORDERED that the Motion for Leave to File Amicus Curiae Brief filed by the China Society of Private International Law is granted. Doc. [46].

SO ORDERED AND ADJUDGED, this the 19th day of September 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE