# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| THE STATE OF MISSISSIPPI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil No. 1:20-cv-00168 |
| THE PEOPLE'S REPUBLIC OF CHINA, *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## STATEMENT OF INTEREST OF THE UNITED STATES
## PURSUANT TO 28 U.S.C. § 517

On January 11, 2024, the Embassy of the People's Republic of China in the United States of America transmitted a diplomatic note to the U.S. Department of State relating to its position on sovereign immunity in this case, and requested the United States inform this Court of its note. As a diplomatic courtesy and in furtherance of the Court's consideration of the matter before it, the United States respectfully forwards the attached diplomatic note, pursuant to 28 U.S.C. § 517, which authorizes the Attorney General to send any officer of the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States."

The forwarding of this diplomatic note is not intended to convey any separate, independent view of the United States on any substantive issue in this case.

Dated: February 5, 2024                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

DIANE KELLEHER
Assistant Branch Director

By: s/ *Laurel H. Lum*
    LAUREL H. LUM
    Trial Attorney (NY Bar No. 5729728)
    United States Department of Justice
    Civil Division
    1100 L St. NW
    Washington, DC 20005
    (202) 305-8177
    laurel.h.lum@usdoj.gov



# EMBASSY OF THE PEOPLE'S REPUBLIC OF CHINA

3505 International Place, N.W. Washington, D.C. 20008

CE005/24

The Embassy of the People's Republic of China in the United States of America presents its compliments to the Department of State of the United States of America, and, with respect to the frivolous Covid-related lawsuits against the People's Republic of China (Case No. 1:20-cv-00168-TBM-RPM and No. 3:20-cv-00656-K-BN), has the honor to inform the latter as follows:

1. The Embassy of the United States of America in the People's Republic of China attempted service of process for the frivolous litigation through the diplomatic channel. This has severely infringed on China's national sovereignty. The Chinese side firmly opposes it, and refused the service and rejected the documents on the spot.

2. These two lawsuits, lodged either by a subnational government of the United States or by U.S. entities and citizens, are malicious and frivolous litigation with no factual or legal basis. They evidently violate the doctrine of sovereign immunity in international law, and contradict the *Foreign Sovereign Immunities Act* of the United States. The Chinese side does not accept and will not participate in such lawsuits.

3. Since the start of the Covid-19 pandemic, the Chinese government has put the people and their lives first, and worked with other countries closely to tide over the challenging time together. It has actively fulfilled its international obligations in an open, transparent and responsible way. It provided timely updates on the pandemic to the World Health Organization and the international community, released information including the genome sequencing of the virus at the earliest

1

time possible, and promptly published diagnostic and therapeutic protocols and containment plans. The timeline of China's response is clear, and its efforts and achievements are there for all to see, which have been well recognized by the international community.

4. Sovereign immunity is a long-established important doctrine of international law. It is also enshrined in the U.S. *Foreign Sovereign Immunities Act*. According to this doctrine, a country's sovereign acts are immune from foreign jurisdiction and its property immune from enforcement by foreign courts. The United States has the obligation to respect and ensure China's right to immunity from the jurisdiction of American courts, with its state property immune from enforcement.

5. The Communist Party of China is China's governing party. Its leadership is clearly stipulated in the *Constitution of the People's Republic of China*. The Chinese Academy of Sciences and the Wuhan Institute of Virology are public institutions directly owned by the state. The above-mentioned entities therefore are entities that enjoy sovereign immunity. The Covid-19 prevention and control policies and measures adopted by China are also entirely China's sovereign acts.

6. Even under the U.S. *Foreign Sovereign Immunities Act*, the above-mentioned entities should be regarded as "foreign state" or "agency or instrumentality of a foreign state" that enjoy immunity. Meanwhile, the exceptions to the jurisdictional immunity of a foreign state include commercial activities that cause a direct effect in the United States, infringement of rights occurring in the United States, terrorist acts, etc. American courts have no jurisdiction over China's Covid-19 prevention and control policies and measures, which are not categorized into any of such exceptions.

7. The U.S. government bears the obligation under international law to take effective measures to stop the frivolous lawsuits, in particular the Mississippi case which is filed by a subnational government and has caused egregious impacts. The U.S. government is obliged to uphold China's sovereign immunity, and shall not shirk its responsibility by using domestic law as a pretext.

8. China urges the U.S. side to fully recognize the grave nature and harm of such frivolous lawsuits, attach great importance to and take seriously China's position and concerns, and immediately take every necessary measure to restrain and stop the frivolous lawsuits. It is

required to influence and prompt the government of the State of Mississippi to withdraw the lawsuit at an early date, and urge the related courts to terminate the proceedings and dismiss the cases. If the U.S. side allows the frivolous lawsuits to proceed, the Chinese side reserves the right to take reciprocal countermeasures.

The Embassy of the People's Republic of China avails itself of this opportunity to renew to the Department of State of the United States of America the assurances of its highest consideration.



Washington, D.C. January 11, 2024

Department of State
United States of America
Washington, D.C.