## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**THE STATE OF MISSISSIPPI**                                                    **PLAINTIFF**
*ex rel.* **LYNN FITCH, in her**
**official capacity as Attorney General**
**of the State of Mississippi**

**v.**                                                      **CIVIL NO. 1:20-cv-168-TBM-RPM**

**THE PEOPLE'S REPUBLIC OF CHINA,**
**THE COMMUNIST PARTY OF CHINA,**
**NATIONAL HEALTH COMMISSION OF**
**THE PEOPLE'S REPUBLIC OF CHINA,**
**MINISTRY OF EMERGENCY**
**MANAGEMENT OF THE PEOPLE'S**
**REPUBLIC OF CHINA, MINISTRY OF**
**CIVIL AFFAIRS OF THE PEOPLE'S**
**REPUBLIC OF CHINA, PEOPLE'S**
**GOVERNMENT OF HUBEI PROVINCE,**
**PEOPLE'S GOVERNMENT OF WUHAN**
**CITY, WUHAN INSTITUTE OF VIROLOGY,**
**and CHINESE ACADEMY OF SCIENCES**                   **DEFENDANTS**

## ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

On May 12, 2020, the State of Mississippi filed a Complaint [1], alleging that actions taken by various Chinese entities and authorities in relation to the COVID-19 pandemic caused loss of life, human suffering, and economic turmoil to Mississippians. Delays arising from the COVID-19 pandemic and from an alleged inability to serve the defendants led the State of Mississippi to ask this Court on multiple occasions for an extension of time in which to serve process, which either this Court or the Magistrate Judge granted. Eventually, the State of Mississippi filed summonses returned executed under the Foreign Sovereign Immunities Act, 28 U.S.C. Section 1608(a)(4), for six of the nine defendants in this case including the People's Republic of China, National Health

1

Commission of the People's Republic of China, Ministry of Emergency Management of the People's Republic of China, Ministry of Civil Affairs of the People's Republic of China, People's Government of Hubei Province, and People's Government of Wuhan City. The State of Mississippi filed the instant Motion for Default Judgment against those same six defendants.

The State of Mississippi did not, however, obtain an entry of default from the clerk pursuant to Rule 55(a) of the Federal Rules of Civil Procedure prior to filing its Motion for Default Judgment. And, before a motion for entry of a default judgment may be granted, the party seeking the entry of a default judgment must first seek an entry of default from the clerk under Rule 55(a). *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) ("An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*.").[1] As such, the Motion for Default Judgment was not properly filed.

Furthermore, on February 15, 2024, the State of Mississippi filed summonses returned executed under the Foreign Sovereign Immunities Act, 28 U.S.C. Section 1608(a)(4), for the three other defendants in this case: the Communist Party of China, the Wuhan Institute of Virology, and the Chinese Academy of Sciences. As of that date, the State of Mississippi had filed summonses returned executed for each of the named defendants in this case. At a telephonic status conference on February 16, 2024, the State of Mississippi informed this Court that it planned to file a Motion for Default Judgment against the three defendants whose summonses it filed as returned executed on February 15, 2024. Now that the State of Mississippi has filed summonses returned executed

---

[1] *See also Wilson v. Mail Contractors of Am., Inc.*, 2010 WL 11682194, at *1 (S.D. Miss. Aug. 9, 2010) (citing *Advanced Commun. Design, Inc. v. Premier Retail Networks, Inc.*, 46 Fed. Appx. 964, 969 (Fed. Cir. 2002); *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998)).

2

for all defendants, any possible future Motion for Default Judgement in this case should potentially include all parties that the State of Mississippi wishes to obtain relief from rather than being divided into the present motion and a separate motion.

Additionally, it is not clear from the Motion for Default Judgment what relief the State of Mississippi seeks from this Court. Though the State of Mississippi requested damages and injunctive relief from this Court in its Complaint [1], it makes no such request in its Motion for Default Judgment.[2] Likewise, the State of Mississippi does not provide a proposed judgment to be entered or specify at all as to what it actually wants.

Lastly, on January 10, 2024, the United States Court of Appeals for the Eighth Circuit issued a ruling in *State of Missouri, ex rel. Bailey v. The People's Republic of* China, 90 F.4th 930 (8th Cir. 2024),[3] a case in which the State of Missouri raises claims similar to those raised in this case against the same Chinese entities being sued in this case. The State of Mississippi has not yet addressed how this Court should view the Eighth Circuit's ruling when deciding this case and potentially in determining whether it has subject matter jurisdiction over this case. Regardless, the State of Mississippi should thoroughly address the Eighth Circuit's opinion in any potential future request for a default judgment.

---

[2] In contrast, the State of Missouri, in its case against Chinese entities for their alleged role in the COVID-19 pandemic, asked the District Court for the Eastern District of Missouri for the following relief after obtaining an entry of default: to set a trial date, to allow it to conduct discovery, and to allow for an evidentiary hearing. *See* Plaintiff's Motion for Trial Date and Entry of Case Management and Scheduling Order, *State of Missouri ex. rel. Schmitt v. The People's Republic of China*, 610 F. Supp. 1174 (E.D. Mo. July 8, 2022), Case No. 1:20-cv-00099-SNLJ. The State of Missouri argued that this relief was necessary for it to establish its "case on both liability and damages" in compliance with the Foreign Services Immunities Act (28 U.S.C. Section 1608(c)). *Id.*

[3] This is the same Missouri case referenced in the previous footnote, but the case name has changed since a new Missouri Attorney General took office in January of 2023.

For all of these reasons, the State of Mississippi's Motion for Default Judgment [43] is DENIED without prejudice.

**SO ORDERED AND ADJUDGED,** this the 1st day of March, 2024.

                                              **TAYLOR B. MCNEEL**
                                              **UNITED STATES DISTRICT JUDGE**