UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

STATE OF MISSISSIPPI                                                                                    PLAINTIFF

VERSUS                                                        CIVIL ACTION NO. 1:20-CV-168-TBM-RPM

PEOPLE'S REPUBLIC OF CHINA et al                                                           DEFENDANTS

### ORDER GRANTING IN PART MOTION FOR ENTRY OF CASE MANAGEMENT AND SCHEDULING ORDER

Before the Court is the State of Mississippi's [64] Motion for Entry of Case Management and Scheduling Order. On May 12, 2020, the State of Mississippi filed its Complaint, alleging that actions taken by various Chinese entities and authorities in relation to the COVID-19 pandemic caused loss of life, human suffering, and economic turmoil to Mississippians. Doc. [1]. Due to delays arising from the COVID-19 pandemic and from an alleged inability to serve the defendants, this Court granted multiple extensions of time to serve process.

Ultimately, the State of Mississippi filed summonses returned executed under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608(a)(4), for six of the nine defendants. The State of Mississippi then filed a Motion for Default Judgment against those six defendants. Doc. [43]. However, the Court denied the State of Mississippi's motion for several reasons, one being that the Motion for Default Judgment was not properly filed:

> The State of Mississippi did not . . . obtain an entry of default from the clerk pursuant to Rule 55(a) of the Federal Rules of Civil Procedure prior to filing its Motion for Default Judgment. And, before a motion for entry of a default judgment may be granted, the party seeking the entry of a default judgment must first seek an entry of default from the clerk under Rule 55(a). *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) ("An entry of default is what the clerk enters when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment.").

Doc. [59] at 2 (internal footnote omitted).  Additionally, the Court noted that, subsequent to the filing of the motion, the State of Mississippi filed summonses returned executed under FSIA, 28 U.S.C. § 1608(a)(4), for the three remaining defendants.  *Id.*  Accordingly, the Court explained that "any possible future Motion for Default Judgment in this case should potentially include all parties that the State of Mississippi wishes to obtain relief from rather than being divided into the present motion and a separate motion."  *Id.* at 3.

On March 5, 2024, the State of Mississippi obtained a Clerk's Entry of Default.  Doc. [62].  However, the Court notes that the State of Mississippi has not yet filed a renewed motion for default judgment.  The State of Mississippi now asks this Court to permit it to conduct a limited period of discovery against the defaulting defendants and third parties.  Doc. [65].  Furthermore, the State of Mississippi asks this Court to hold an evidentiary hearing to prove liability and damages, presumably in support of a forthcoming motion for default judgment.  *Id.*

Before the State of Mississippi can be awarded any relief, this Court must determine whether it has established its claims or right to relief "by evidence satisfactory to the court" in accordance with 28 U.S.C. § 1608(e).  *See Borochov v. Islamic Republic of Iran*, 94 F.4th 1053, 1058 (D.C. Cir. 2024); *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 202 (4th Cir. 2013); *Moore v. United Kingdom*, 384 F.3d 1079, 1090 (9th Cir. 2004).  "This provision . . . codifies in the FSIA context the long-standing presumption that due process requires plaintiffs seeking default judgments to make out a prima facie case."  *Lasheen v. Embassy of The Arab Republic of Egypt*, 625 F.App'x 338, 340 (9th Cir. 2015) (quoting *Moore*, 384 F.3d at 1090).  In order to meet this standard and support its claims, the State of Mississippi requests a limited period of discovery, i.e., at least six months.  Doc. [65] at 14.

The Court grants the State of Mississippi's request. *See Hill v. Republic of Iraq*, 328 F.3d 680, 682 (D.C. Cir. 2003) ("[I]t is expected that courts will take into account the extent to which the plaintiff's case depends on appropriate discovery against the foreign state."). The State of Mississippi may pursue discovery from the defaulting defendants and third parties for a period of six months, concluding on January 3, 2025. Furthermore, because the defendants have refused to answer the Complaint and are in default, the State of Mississippi is excused from certain requirements, such as initial disclosures, the discovery conference, expert disclosures, and pretrial disclosures.

IT IS THEREFORE ORDERED that the [64] Motion for Entry of Case Management and Scheduling Order is GRANTED IN PART.

IT IS FURTHER ORDERED that, on or before October 15, 2024, the State of Mississippi shall file its Motion for Default Judgment.

IT IS FURTHER ORDERED that the State of Mississippi may pursue discovery from the defaulting defendants and third parties for a period of approximately six months, concluding on January 3, 2025. The State of Mississippi is excused from the requirements of initial disclosures, the discovery conference, expert disclosures, pretrial disclosures, and any other requirement unnecessary due to the defaulting defendants' refusal to answer the Complaint.

IT IS FURTHER ORDERED that the District Judge shall conduct a pretrial conference on January 14, 2025, at 10:00 a.m. No later than 7 days before the pretrial conference, the State of Mississippi shall provide the District Judge with expert witness reports, a pretrial brief that includes a description of the damages sought consistent with the Complaint, a list of witnesses it intends to call, deposition designations and excerpts for any witnesses testifying by deposition, and any other material it deems necessary.

IT IS FURTHER ORDERED that the evidentiary hearing in this matter shall be set for February 10–11, 2025 before the District Judge.

SO ORDERED AND ADJUDGED, this the 2nd day of July 2024.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE