The Ministry of Foreign Affairs of the People's Republic of China
No. (2023)5

Embassy of the United States of America in China:

The Ministry of Foreign Affairs of the People's Republic of China presents its compliments to the Embassy of the United States of America in China, and would like to state its following position on the Embassy's diplomatically delivering to the Chinese side the litigation documents of Mississippi State v. China and Florida citizens v. Chinese Communist Party:

1. The U.S. Embassy in China has delivered to the Chinese side on its involvement in the Covid-19 related vexatious litigation (case number 1:20-cv-0068-mBM-RPM, 9:20-c-80604-RKA), which has seriously violated China's national sovereignty. The Chinese side expressed firm opposition to this, refused to accept it, and returned it on the spot.

2. These two lawsuits filed by local government or citizens of the United States are purely malicious vexatious litigation, not only without factual basis, but also without legal basis. They clearly violate the principle of sovereign immunity in international law and do not conform to the United States' own "Foreign Sovereign Immunities Act". China does not recognize and will not participate in these two vexatious litigation lawsuits.

3. Since the outbreak of the COVID-19, the Chinese government has adhered to the principle of putting people first and life first, and worked together with other countries to overcome difficulties. The Chinese government has always been in an ope.n, transparent and responsible attitude, actively fulfilling its international obligations, reporting the epidemic information to the World Health Organization and the international community as soon as possible, releasing information such as he gene sequence of COVID-19 as soon as possible, and disclosing the diagnosis and treatment methods and prevention and control plans as soori as possible. The ti e line of China's anti-epidemic action is clear, and the anti-epidemic efforts and results are obvious to all, which have been widely recognized and highly valu.ed by the international cor:nmunity.

4. According to international law, China, as a sovereign country, enjoys sovereign immunity and is not subject to the jurisdiction of the United States courts. The Foreign Sovereign Immunity Act enacted by the United States in 1976 also establishes the principle of sovereign immunity. Sovereign immunity is an important principle of international law that has been established for a long time and is generally supported by the legislation and judicial practice of various countries and international legislation. According to this principle, without the express waiver of jurisdictional immunity by one country, the other country should not accept and hear the lawsuit with that country as the defendant, nor take any coercive measures against the national property of that country.

   The CPC is the ruling party in China, and the Chinese Constitution clearly stipulates the leadershi'p of the CPC. The National Health Commission of China, the Ministry of Emergency Management, the Ministry of Civil Affairs, the Hubei Provincial Government and the Wuhan Municipal Government are the governmental departments and local governments of China. The Chinese Academy of Sciences and the Wuhan Institute of Virology are the public institutions

**EXHIBIT A**

    directly owned by the state. According to international law and American law, the above-mentioned subjects also enjoy immunity.

5. Even according to the domestic laws of the United States, China's epidemic prevention and control policies and measures are not subject to the jurisdiction of the United States courts. These two vexatious litigation lawsuits have no basis in facts and laws. There are also no exceptions such as "commercial acts with direct influence on the United States", "infringement acts in the United States", which are subject to the jurisdiction of the United States courts over foreign countries under the United States Foreign Sovereign Immunity Act.

6. The U.S. government has the responsibility under international law to take effective measures to stop vexatious litigation. In particular, the Mississippi case of vexatious litigation was promoted by the local government of the United States, which has a very bad impact. The United States government should safeguard China's sovereign immunity, let alone shirk its responsibility under the pretext of domestic law.

7. The United States should be clear that if some people with ulterior motives are allowed to use the relevant judicial procedures to vexatiously litigate China, it will damage China-U.S. relations and seriously undermine the efforts of China, the United States and the international community to unite and fight the epidemic. The vexatious litigation is a "legal virus" left by the previous U.S. administration, and the current U.S. administration should control and eliminate it. China requests the United States to attach great importance to China's position and concerns, recognize the seriousness and harmfulness of such vexatious litigation cases, and take all necessary measures to restrain and stop such vexatious litigation, including exerting influence on the Mississippi State Government, urging it to immediately withdraw the vexatious litigation, and at the same time, urging the relevant courts to stop the trial and dismiss the cases. China reserves the right to take reciprocal countermeasures against the United States if the United States allows such vexatious litigation against China to advance.

Assurances of high consideration.

The Ministry of Foreign Affairs of the People's Republic of China
X Day X Month, 2023