IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THE STATE OF MISSISSIPPI, ex rel.
LYNN FITCH, in her official capacity as
Attorney General of the State of Mississippi,

    Plaintiff,

v.                                                                                    Civil Action No.1:20-cv-168-TBM-RPM

THE PEOPLE'S REPUBLIC OF CHINA,
THE COMMUNIST PARTY OF CHINA,
NATIONAL HEALTH COMMISSION OF
THE PEOPLE'S REPUBLIC OF CHINA,
MINISTRY OF EMERGENCY
MANAGEMENT OF THE PEOPLE'S
REPUBLIC OF CHINA, MINISTRY OF
CIVIL AFFAIRS OF THE PEOPLE'S
REPUBLIC OF CHINA, PEOPLE'S
GOVERNMENT OF HUBEI PROVINCE,
PEOPLE'S GOVERNMENT OF WUHAN
CITY, WUHAN INSTITUTE OF
VIROLOGY, and CHINESE ACADEMY
OF SCIENCES,

    Defendants.

**MOTION FOR LEAVE TO FILE SUPPLEMENTAL *AMICUS CURIAE* BRIEF**

COMES NOW, The China Society of Private International Law ("The Society"), by and through counsel, and respectfully moves for leave to file the attached Supplemental *Amicus Curiae* Brief ("Supplemental Brief"). *See* Exhibit A.

1.    The Society is an academic organization dedicated to the theory and practice of private international law. The Society has been following this matter because it has significant implications for the theory and practice of private international law, the interpretation and

application of the Foreign Sovereign Immunities Act ("FSIA") and its exceptions to sovereign immunity, and China-U.S. relations.

2. On September 19, 2023, the Court granted The Society leave to file an *amicus* brief analyzing subject-matter jurisdiction under the FSIA. Order, [49]; Brief, [50].

3. On March 1, 2024, the Court entered an Order denying Plaintiff's first Motion Default Judgment.[1] [59]. In that order, the Court questioned the effect of the Eighth Circuit's ruling in *State of Missouri, ex rel. Bailey v. The People's Republic of* China, 90 F.4th 930 (8th Cir. 2024) on this action. *Id.* To date, the Court has not ruled upon the subject-matter jurisdiction issue in this action.

4. On October 11, 2024, Plaintiff filed a second Motion for Default Judgment [80]. The Court conducted an evidentiary hearing on February 10, 2025, and directed Plaintiff to provide supplemental briefing, which Plaintiff filed on May 2, 2025.

5. Given these developments, The Society respectfully seeks leave to supplement its *amicus* brief [50] to address the questions raised by this Court.

6. The Society is uniquely situated with regard to the questions raised by the Court. The Society is an *amicus curiae* in the Missouri case. It is familiar with the Missouri complaint and its distinctions from the Mississippi Complaint, and has spent considerable time analyzing the Eighth Circuit's opinion, its persuasive value or lack thereof in the instant matter, and its potential effect on other cases involving subject-matter jurisdiction under the FSIA.

---

[1] The Court must first determine whether it has subject-matter jurisdiction before ruling on Plaintiff's Motion. *See Fisher v. Madlock*, No. 6:18CV083, 2022 WL 1233751, at *3 (E.D. Tex. Feb. 16, 2022) ("A court may not enter default judgment if it does not have subject matter jurisdiction.") (citing *Forsythe v. Saudi Arabian Airlines*, 885 F.2d 285, 288 (5th Cir. 1989)).

7. The Society's proposed Supplemental Brief briefly addresses the question raised by the Court concerning the persuasive value, if any, of the Eighth Circuit's opinion. Specifically, The Society addresses: (a) several important distinctions between the Missouri complaint and the Mississippi Complaint; (b) the internal conflict in the Eighth Circuit's opinion finding that alleged acts in China were too "remote and attenuated" from eventual harm in Missouri to be causally related, but that alleged "hoarding" in China somehow had a direct and immediate effect in Missouri despite numerous intervening factors; and (c) the distinction between the standard of review by the Eighth Circuit of dismissal for lack of subject matter jurisdiction versus this Court's consideration of a motion for default judgment under the FSIA.

8. In addition, the proposed Supplemental Brief submits that even if this Court concludes subject matter jurisdiction exists, Plaintiff fails to present a prima facie case for the purpose of default judgment because: (a) the Mississippi statutes that Plaintiff cites do not impose liability on Defendants; and (b) Plaintiff fails to present with evidence satisfactory to this Court that there is an adequate legal and factual basis for any legal nexus between the alleged anticompetitive acts and the injury to establish its "claim or right to relief" due to numerous independent intervening causes.

9. The proposed Supplemental Brief also submits that this Court should not apply the "lenient" evidentiary standard Plaintiff proposes because it derives from terrorism cases. Further, many trial exhibits set forth by Plaintiff are untrustworthy as inadmissible hearsay, which fails to satisfy even a lenient evidentiary standard. Therefore, they should not be relied upon by this Court in rendering any judgment.

The China Society of Private International Law respectfully requests leave to file the attached Supplemental Brief, and all other relief the Court may deem appropriate.

Dated: May 4, 2025

                                                        Respectfully submitted,

                                                        BAKER, DONELSON, BEARMAN,
                                                        CALDWELL & BERKOWITZ, PC

                                                        BY:    */s/ Sterling Kidd*
                                                                      D. STERLING KIDD

                                                        *Counsel for The China Society*
                                                        *of Private International Law*

OF COUNSEL:

D. Sterling Kidd (MSB No. 103670)
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC
PHYSICAL: One Eastover Center, 100 Vision Drive, Suite 400
Jackson, Mississippi 39211
MAILING: Post Office Box 14167
Jackson, Mississippi 39236
Telephone: (601) 351-2400
skidd@bakerdonelson.com