IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THE STATE OF MISSISSIPPI, ex rel.
LYNN FITCH, in her official capacity as
Attorney General of the State of Mississippi,

    Plaintiff,

v.

THE PEOPLE'S REPUBLIC OF CHINA,
THE COMMUNIST PARTY OF CHINA,
NATIONAL HEALTH COMMISSION OF
THE PEOPLE'S REPUBLIC OF CHINA,
MINISTRY OF EMERGENCY
MANAGEMENT OF THE PEOPLE'S
REPUBLIC OF CHINA, MINISTRY OF
CIVIL AFFAIRS OF THE PEOPLE'S
REPUBLIC OF CHINA, PEOPLE'S
GOVERNMENT OF HUBEI PROVINCE,
PEOPLE'S GOVERNMENT OF WUHAN
CITY, WUHAN INSTITUTE OF
VIROLOGY, and CHINESE ACADEMY
OF SCIENCES,

    Defendants.

Civil Action No.1:20-cv-168-TBM-RPM

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE
SUPPLEMENTAL *AMICUS CURIAE* BRIEF**

    The China Society of Private International Law ("The Society"), through counsel, respectfully submits its Memorandum in Support of Motion for Leave to File Supplemental *Amicus Curiae* Brief ("Supplemental Brief").

    The Society is no stranger to this Court because it previously filed a Motion for Leave to file its initial *Amicus Curiae* Brief analyzing subject-matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA") and a corresponding Memorandum of Law in Support of the motion on July 25, 2023. *See* Motion [46]. As described in greater detail in the Memorandum [47],

The Society is an academic organization dedicated to the theory and practice of private international law. The Society has been following this matter because it has significant implications for the theory and practice of private international law, the interpretation and application of the FSIA, and China-U.S. relations. This Court granted The Society's Motion for Leave and accepted the *Amicus Curiae* Brief. Order, [49]; Brief, [50].

On March 1, 2024, the Court denied Plaintiff's first Motion for Default Judgment. [59]. In its Order, the Court noted a recent Eighth Circuit Court of Appeals opinion addressing "a case in which the State of Missouri raises claims similar to those raised in this case against the same Chinese entities being sued in this case," and that Plaintiff "has not yet addressed how this Court should view the Eighth Circuit's ruling when deciding this case and potentially in determining whether it has subject matter jurisdiction over this case." *Id.* The Eighth Circuit affirmed the district court's dismissal of all claims except one. The Eighth Circuit saved Missouri's claim that Chinese policy concerning personal protective equipment ("PPE") during the pandemic—the so-called "hoarding" claim—caused a mask shortage and, subsequently, harm in Missouri. To date, this Court has not ruled upon the subject-matter jurisdiction issue in this action.

Thereafter, Plaintiff moved again for default judgment. [80]. The Court conducted an evidentiary hearing on February 10, 2025, and directed Plaintiff to provide supplemental briefing, which Plaintiff filed on May 2, 2025. [88].

Given these developments, The Society respectfully seeks leave to file the proposed Supplemental Brief. The Society's proposed Supplemental Brief addresses the Court's inquiry regarding the effect of the Eighth Circuit's opinion on this case. The proposed Supplemental Brief distinguishes Mississippi's claim of the alleged hoarding of PPE from Missouri's similar claim and analyzes whether subject-matter jurisdiction exists in this case under the FSIA's "commercial

activity" exception to sovereign immunity. The proposed Supplemental Brief also analyzes whether Plaintiff has presented a prima facie case for its substantive claim under the Mississippi Consumer Protection Act ("MCPA") or the Mississippi antitrust laws to support a default judgment under FSIA. Further, the proposed Supplemental Brief points out that Plaintiff fails to meet the required evidentiary standard in a motion for default judgment in the FSIA context. Based on the analysis below, The Society respectfully requests that its Motion for Leave to File Supplemental *Amicus Curiae* Brief be granted.

## I. LEGAL STANDARD

"A non-party . . . may submit a brief as an amicus curiae in order to assist the court in reaching a proper decision." *Cox v. Morris*, No. 3:18-CV-30-DMB-JMV, 2019 WL 1601367, at *5 (N.D. Miss. Apr. 15, 2019) (citing *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008)). "No statute, rule, or controlling case defines a federal district court's power to grant or deny leave to file an amicus brief." *U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007). As a result, district courts have "broad discretion" to accept or reject *amicus* briefs. *Lefebure v. D'Aquilla*, 15 F.4th 670, 673 (5th Cir. 2021) (holding that "whether to permit a nonparty to submit a brief, as amicus curiae, is … a matter of judicial grace").

Without a controlling body of law, district courts commonly refer to Federal Rule of Appellate Procedure 29 for guidance. *See Texas v. United States*, Civil Action No. 6:21-cv-00003, 2021 U.S. Dist. LEXIS 102971, at *3 (S.D. Tex. Mar. 5, 2021); *Cox,* 2019 WL 1601367, at *5. Even so, Rule 29 does not infringe upon a district court's discretion to accept an *amicus* brief. *In re Halo Wireless, Inc.*, 684 F.3d 581, 595 (5th Cir. 2012) (citing *Fry v. Exelon Corp. Cash Balance Pension Plan*, 576 F.3d 723, 725 (7th Cir. 2009) (holding that courts have discretion to accept

*amicus* briefs regardless of whether they comply with the timing considerations of Federal Rule of Appellate Procedure 29).

In the Fifth Circuit, district courts consider "a series of factors to guide the exercise of [their] discretion" over amicus briefs. *United States v. City of New Orleans*, No. CV 12-1924, 2022 WL 4465534, at *1 (E.D. La. Sept. 26, 2022); *In re Halo Wireless, Inc.*, 684 F.3d at 596; *United States v. Hamdan*, No. CR 19-60-WBV-KWR, 2021 WL 809376, at *5 (E.D. La. March 3, 2021). Factors relevant to deciding whether the court should allow amicus briefing include whether the proffered information is timely or useful or otherwise necessary to the administration of justice. *Cox v. Morris*, No. 3:18-CV-30-DMB-JMV, 2019 WL 1601367, at *5 (N.D. Miss. Apr. 15, 2019) (citing *U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 928 (S.D. Tex. 2007).

## II. ARGUMENT

### A. The Society's proposed Supplemental Brief will be useful to this Court.

#### 1. The Supplemental Brief analyzes points of law relevant to subject matter jurisdiction and default judgment in the FSIA context.

Amicus briefs that provide points of law or legal arguments are favored by courts. *In re Halo Wireless, Inc.*, 684 F.3d at 596 ("an amicus is one who 'for the assistance of the court gives information of some matter of *law*….'") (emphasis added); *Sierra Club v. FEMA*, No. CIV.A. H-07-0608, 2007 WL 3472851 at *3 (S.D. Tex. Nov. 14, 2007) (favoring an amicus with "access to greater technical, scientific, or *legal expertise*") (emphasis added); *Cox*, 2019 WL 1601367, at *5 (an amicus brief discussing *issues of law* on motion for summary judgment held "useful and necessary to the administration of justice").

The Society's Supplemental Brief addresses this Court's inquiry about the effect of the Eighth Circuit's ruling. Specifically, it analyzes the "commercial activity" exception to immunity under the FSIA concerning the subject-matter jurisdiction over this case. It conducts a detailed

comparison between Mississippi's claim of the alleged hoarding of PPE and Missouri's similar claim and analyzes how the Eighth Circuit's ruling should be distinguished.

The Supplemental Brief also analyzes whether Plaintiff has presented a prima facie case to support a default judgment. In this regard, the Supplemental Brief analyzes whether Plaintiff has established a claim against foreign state Defendants under the MCPA or the Mississippi antitrust laws, as well as whether Plaintiff has evidence satisfactory to this Court for any legal nexus between Defendants' alleged anticompetitive acts and the injury.

In addition, the Supplemental Brief analyzes the evidentiary requirement for a motion for default judgment and concludes that the Court should not rely on Plaintiff's trial exhibits in rendering any judgment due to their lack of trustworthiness.

Accordingly, The Society respectfully submits that the Court should allow the proposed Supplemental Brief, which analyzes points of law relevant to the Court's consideration of subject-matter jurisdiction and whether Plaintiff has presented a prima facie case for the purpose of default judgment under the FSIA, as well as the FSIA's evidentiary requirement for default judgment.

**2. Without the Supplemental Brief, only one point of view will be represented.**

An amicus brief normally should be allowed when a party *is not represented at all*. *In re Halo Wireless, Inc.*, 684 F.3d at 596 (cleaned up); *Cox*, 2019 WL 1601367, at *5 (an *amicus* brief is "useful and necessary to the administration of justice" when it addresses legal issues "in the absence" of a brief by a party); *Sierra Club*, 2007 WL 3472851, at *1 (an amicus brief is appropriate when "existing counsel may need supplementing assistance[,]" which necessarily occurs if no counsel has made an appearance). Similarly, an "*amicus curiae* brief which brings relevant matter to the attention of the Court that has not already been brought to its attention by the parties is of *considerable help* to the Court." 4 Am. Jur. 2d *Amicus Curiae* § 1 (advisory committee's note) (emphasis added).

To date, Plaintiff's position regarding subject matter jurisdiction and the appropriateness for default judgment is the only point of view before the Court. They should not be. In this regard, The Society serves the traditional "role of amicus curiae [which] is to assist the court in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel [or in the absence of counsel], and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." 4 Am. Jur. 2d Amicus Curiae § 1 (citing *Mobile County Water, Sewer and Fire Protection Authority, Inc. v. Mobile Area Water and Sewer Systems, Inc.*, 567 F. Supp. 2d 1342 (S.D. Ala. 2008), *aff'd*, 564 F.3d 1290 (11th Cir. 2009); *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*, 308 F.R.D. 39 (D. Mass. 2015), *aff'd*, 807 F.3d 472 (1st Cir. 2015); *Sierra Club v. Wagner*, 581 F. Supp. 2d 246 (D.N.H. 2008), *aff'd*, 555 F.3d 21 (1st Cir. 2009)).

The Society's Supplemental Brief provides legal analysis on the subject-matter jurisdiction and whether Plaintiff has presented a prima facie case for the purpose of default judgment, as well as the FSIA's evidentiary requirement for default judgment, which would not be before the Court otherwise. Therefore, the proposed Supplemental Brief should be allowed.

### 3.  The Supplemental Brief analyzes "complex" and "esoteric" issues of law.

Courts have regarded *amici* as helpful when providing informed analysis of complex or esoteric points of law. *See Sierra Club*, 2007 WL 3472851, at *1-2 (citing *Leigh v. Engle*, 535 F. Supp. 418, 422 (N.D. Ill. 1982) (*amicus* briefs can be useful when addressing "*complex*" or "*esoteric*" issues of law); *City of New Orleans*, 2022 WL 4465534, at *2 (when "legal standards" are "complex or ambiguous" an amicus may be appropriate); *Ryan*, 125 F.3d at 1064 (a court benefits by "being pointed to considerations germane to [the court's decision] that the parties for one reason or another have not brought to [the court's] attention").

The issues before the Court are complex and esoteric. The Court has raised the question *sua sponte* of the effect of the Eighth Circuit's opinion on this case. In addition, whether the foreign state Defendants can be sued as defendants under the MCPA or the Mississippi antitrust laws is an issue with few precedents. As such, the proposed Supplemental Brief will be useful as the Court considers subject-matter jurisdiction and default judgment under the FSIA.

**B.  The Society's Motion for Leave and proposed Supplemental Brief are timely.**

On October 11, 2024, Plaintiff filed a second Motion for Default Judgment against all Defendants. Doc. [80]. Said motion makes subject-matter jurisdiction a pending issue before the Court, which must be decided before the Court considers default judgment. *See Fisher v. Madlock*, No. 6:18CV083, 2022 WL 1233751, at *3 (E.D. Tex. Feb. 16, 2022) ("A court may not enter default judgment if it does not have subject matter jurisdiction.") (citing *Forsythe v. Saudi Arabian Airlines*, 885 F.2d 285, 288 (5th Cir. 1989)); *Jerez v. Republic of Cuba*, 775 F.3d 419, 422 (D.C. Cir. 2014) (holding default judgment void because of lack of subject-matter jurisdiction). In addition, the Court still have to consider whether Plaintiff has presented a prima facie case before ruling upon a motion for default judgment against foreign states, per the requirement under the FSIA, as well as other issues the Court identified at the evidentiary hearing.

Therefore, the proposed Supplemental Brief addressing these issues is timely.

### III.  CONCLUSION

The Society respectfully submits that its proposed Supplemental Brief is timely, appropriate, within the Court's "broad discretion" to allow, and should be allowed. Accordingly, The Society respectfully requests that its Motion for Leave to File Supplemental *Amicus Curiae* Brief be granted, and that the proposed Supplemental Brief be docketed.

Dated: May 4, 2025

        Respectfully submitted,

        BAKER, DONELSON, BEARMAN,
        CALDWELL & BERKOWITZ, PC

        BY:   */s/ Sterling Kidd*
                D. STERLING KIDD

        *Counsel for The China Society*
        *of Private International Law*

OF COUNSEL:

D. Sterling Kidd (MSB No. 103670)
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC
PHYSICAL: One Eastover Center, 100 Vision Drive, Suite 400
Jackson, Mississippi 39211
MAILING: Post Office Box 14167
Jackson, Mississippi 39236
Telephone: (601) 351-2400
skidd@bakerdonelson.com