IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| THE STATE OF MISSISSIPPI, ex rel. LYNN FITCH, in her official capacity as Attorney General of the State of Mississippi,<br><br>        Plaintiff,<br><br>        v.<br><br>THE PEOPLE'S REPUBLIC OF CHINA, THE COMMUNIST PARTY OF CHINA, NATIONAL HEALTH COMMISSION OF THE PEOPLE'S REPUBLIC OF CHINA, MINISTRY OF EMERGENCY MANAGEMENT OF THE PEOPLE'S REPUBLIC OF CHINA, MINISTRY OF CIVIL AFFAIRS OF THE PEOPLE'S REPUBLIC OF CHINA, PEOPLE'S GOVERNMENT OF HUBEI PROVINCE, PEOPLE'S GOVERNMENT OF WUHAN CITY, WUHAN INSTITUTE OF VIROLOGY, and THE CHINESE ACADEMY OF SCIENCES,<br><br>        Defendants. | Case No. 1:20-cv-168-TBM-RPM |

**MOTION TO STAY AND/OR FOR AN EXTENSION OF TIME IN ORDER FOR THE CHINESE ACADEMY OF SCIENCES TO RESPOND TO MOTION FOR DEFAULT JUDGMENT AND TO FILE A MOTION <u>TO SET ASIDE ENTRY OF DEFAULT</u>**

        The State of Mississippi has constantly tried to obtain proper service on The Chinese Academy of Science ("CAS") and even as of today, process allegedly served on CAS does not comply with the applicable provision of § 1608" of the Foreign Sovereign Immunities Act ("FSIA"). Because Plaintiff did not serve Defendant Chinese Academy of Sciences ("CAS") "under the applicable provision" of § 1608, this Court "lacks personal jurisdiction" over CAS, and the current entry of default against it is improper and void. Additionally, CAS enjoys foreign-sovereign immunity because default judgments are especially disfavored against foreign sovereigns. *See Practical Concepts, Inc. v. Rep. of Bolivia*, 811 F.2d 1543, 1551 n.19 (D.C. Cir.

1987) (explaining that "[i]ntolerant adherence to default judgments against foreign states" can harm foreign relations and "undermine" U.S. efforts to "encourage . . . foreign sovereigns generally to resolve disputes within the United States' legal framework" (citation omitted)). Accordingly, CAS intends to file a response to the motion for default judgement and a motion to set aside entry of default. Because the undersigned counsel was retained today and need sufficient time to thoroughly review this matter, the undersigned communicated with attorneys for Plaintiff and requested a sixty (60) day stay/extension. As evidence by the attached email exchange ("Exhibit A), the request for an extension was denied.

CAS has meritorious defenses to this action and in the Fifth Circuit, default judgments are "generally disfavored in the law," resorted to by courts only in the most egregious situations and "should not be granted on the claim, without more, than the defendant failed to meet a procedural time requirement." *Mason & Hanger-Silas Mason Co. v. Metal Trades Council,* 726 F.2d 166, 168 (5th Cir. 1984); *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n,* 874 F.2d 274, 276 (5th Cir. 1989) (courts "prefer to reach a judgment on the merits of the case, and not to terminate litigation by a procedural maneuver").

CAS respectfully requests this Court to stay this action for sixty (60) days and/or grant a sixty (60) extension of time to respond to the State of Mississippi's Motion for Default Judgment and to file a response to the Entry of Default. CAS has meritorious defenses and defaults are disfavored and have no place in the Federal Rules. Moreover, CAS recently retained counsel needs sufficient time to review this matter and file CAS's

response to the State of Mississippi's Motion for Default Judgment and to file a response to the State of Mississippi's Entry of Default

WHEREFORE, PREMISES CONSIDERED, Defendant requests the Court will stay this matter for sixty (60) days or grant a sixty (60) day extension to file CAS's response the motion for default judgement and to file a response the Entry of Default. Defendant moves that a memorandum of authorities be dispense with since this motion is straight forward and authorities supporting the motion are cited herein. Further, CAS requests for any further relief as deemed proper by this Court.

In filing this Motion, CAS expressly reserves, and does not waive, all of its rights, privileges, sovereign immunity, and defenses, including, but not limited to, insufficient service of process, lack of subject-matter and personal jurisdiction, failure to state a claim, and improper venue.

RESPECTFULLY SUBMITTED, this 13th day of May 2025.

**CHINESE ACADEMY OF SCIENCES**

Robert L. Gibbs_____
Robert L. Gibbs

OF COUNSEL:

Robert L. Gibbs, MSB No. 4816
Gibbs Travis PLLC
210 East Capitol Street, Suite 1801
Jackson, Mississippi 39211
Telephone: (601) 487-2640
Facsimile: (601) 366-4295
Email:  rgibbs@gibbstravis.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing was duly served upon all known counsel of record, this the 13th day of May, 2025, and upon all parties registered with the Court's electronic filing system by operation of the Court's ECF system.

/s/ Robert L. Gibbs
Robert L. Gibbs