IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THE STATE OF MISSISSIPPI,
*ex rel.* LYNN FITCH, in Her
Official Capacity as Attorney General
of the State of Mississippi,

    Plaintiff,

Civil Action No. 1:20-cv-168-TBM-RPM

THE PEOPLE'S REPUBLIC OF CHINA,
THE COMMUNIST PARTY OF CHINA,
NATIONAL HEALTH COMMISSION OF
THE PEOPLE'S REPUBLIC OF CHINA,
MINISTRY OF EMERGENCY
MANAGEMENT OF THE PEOPLE'S
REPUBLIC OF CHINA, MINISTRY OF
CIVIL AFFAIRS OF THE PEOPLE'S
REPUBLIC OF CHINA, PEOPLE'S
GOVERNMENT OF HUBEI PROVINCE,
PEOPLE'S GOVERNMENT OF WUHAN
CITY, WUHAN INSTITUTE OF VIROLOGY,
and CHINESE ACADEMY OF SCIENCES,

    Defendants.

---

**OPPOSITION TO MOTION FOR LEAVE TO FILE
SUPPLEMENTAL *AMICUS CURIAE* BRIEF BY
THE CHINA SOCIETY OF PRIVATE INTERNATIONAL LAW**

---

    Plaintiff, the State of Mississippi, ex rel. Lynn Fitch, Attorney General ("Plaintiff" or "Mississippi") submits the following Opposition to the Motion for Leave to File Supplemental *Amicus Curiae* Brief by the China Society of Private International Law ("China Society").

## INTRODUCTION

Mississippi asserts that the foreign Defendants misrepresented the nature of the COVID-19 virus in order to further their scheme to corner the market on PPE while the rest of the world was unaware. It is clear that the Defendants knew about the existence, dangers, and human-to-human transmissibility of COVID-19 long before the rest of the world. The Defendants engaged in an extensive cover-up and misleading public relations campaign. Further, the Defendants bought up the supply of PPE, committed hostile takeovers of U.S. factories in China to prevent them from shipping PPE to the U.S. and to Mississippi, and then turned around and sold substandard PPE to Mississippi at inflated prices - all while hundreds of thousands of people across the globe, including in Mississippi, began to get sick and die.

Mississippi filed the instant litigation on May 12, 2020. All parties were properly served and failed to answer or otherwise defend against Mississippi's complaint. In fact, a letter from the Ministry of Foreign Affairs of the People's Republic of China stated that they have no intention to "participate" in Mississippi's lawsuit. Dkt. No. 83-1. Subsequently, Mississippi moved for a default judgment on July 18, 2023. Seven (7) days later, the China Society of Private International Law ("China Society") moved for leave to submit an *amicus curiae* brief. The Court ultimately allowed the China Society to submit its brief reasoning that the motion for leave was timely and that the *amicus curiae* brief may be useful for the jurisdictional issues under the Foreign Sovereign Immunities Act ("FSIA"). Dkt. No. 49.

Since that time, the Court has held several conferences and hearings. The Clerk entered default against the Defendants on March 5, 2024, and Mississippi renewed its motion for a default judgment on October 11, 2024. Further, pursuant to the scheduling order,

Mississippi submitted a pretrial memorandum to the Court on January 6, 2025 and an evidentiary hearing was held on February 10, 2025. At no time in almost two (2) years since the first *amicus curiae* brief was submitted in 2023, did the China Society believe it necessary to "assist the court" and request leave again to submit another *amicus* brief. The notion of submitting a supplemental *amicus curiae* brief now is extremely untimely and adds nothing to the previous brief that would be useful to the Court.

In its supporting memorandum, the China Society flatly admits that it is requesting leave to address the Court's order of March 1, 2024, where the Court requested Mississippi to address the Eighth Circuit's opinion in *State of Missouri, ex rel. Bailey v. The People's Republic of China*, 90 F.4th 930 (8th Cir. 2024) in its renewed default judgment motion. Said renewed motion was filed on October 11, 2024, almost seven (7) months ago. At no time from October 11, 2024, until May 4, 2025, did the China Society reach out to "assist the court". The request for leave is untimely and simply reiterates the same arguments in the previous brief making it redundant.

The China Society's request for leave should be denied for these reasons, and as well as that this is an obvious attempt to litigate this case on behalf of the Defendants who made the decision not to participate in Mississippi's litigation. The China Society is in reality, the Defendants, the People's Republic of China ("PRC") and the Communist Party of China ("CPC"), attempting to influence this Honorable Court without properly making an appearance and after defaulting.

It is apparent that the China Society, led by Mr. Jin Huang, seeks to litigate this case and advocate on behalf of the Defendants instead of acting as a true *amicus curiae* (friend of the court). The China Society is not just an "academic organization" as it

represents.

ARGUMENT

### I.    The Society has failed to disclose their true interest in this case.

Though this case is not on appeal, "the filing of amicus briefs is governed by Federal Rule of Appellate Procedure 29." *Lefebure v. D'Aquilla*, 15 F. 4th 670, 673 (5th Cir. 2021). F.R.C.P. 29 requires amici "to state their 'interest' in the case." *Id.* (quoting Fed. R. App. P. 29(a)(3)). District courts look to this rule in deciding whether to grant leave to file an amicus brief. *Smith et al. v. Hosemann, et al.*, 2022 WL 2168960 at * 3 (N.D. Miss. May 23, 2022) ("The filing of amicus briefs is governed by Federal Rule of Appellate Procedure 29.").

The China Society did not provide the Court with a "Statement of Interest" in its motion or supporting memorandum, presumably because it has already submitted an *amicus curiae* brief in the case previously. However, it still purports to be "an academic organization dedicated to the theory and practice of private international law." Dkt. No. 89. The China Society fails to disclose that its arguments are not a neutral application of law but instead an argument for their own interest as a branch of the PRC and the CPC. This untimely request for leave is just another attempt to advocate for the defendants through a supplemental *amicus* brief.

The proposed supplemental brief seeks to argue that Mississippi has not met its burden of proof under the FSIA. It is not proper to allow an *amicus curiae* to argue the facts of the case. "[A]n amicus who argues facts should rarely be welcomed." *Sierra Club v. Federal Emergency Management Agency*, 2007 WL 3472851 at *1. A court must also consider whether the amicus is acting as an advocate for only one party. *Id.*

At *2. Allowing the China Society leave to submit its supplemental brief would be allowing a surrogate to present argument in this litigation in place of the Defendants' participation.

"By definition an amicus curiae is one who is a "friend of the court" or a "by-stander," rather than an advocate or party who assists the court by offering information or otherwise." *Taylor v. Roberts*, 475 So.2d 150 (Miss. 1985) (citing 3A C.J.S. Amicus Curiae § 1 and § 2, p. 422 (1973). It is clear from the proposed supplemental brief that the China Society is not acting in such capacity but as an advocate for the Defendants.

According to the China Society's website, it was formed by the Wuhan University Institute of International Law and law school in 1987 "under the support of the Education Commission and the Justice Department."[1] The current President of the China Society is Jin Huang. His biography prominently states that he joined the Communist Party of China in May 1980.[2] Mr. Huang has many affiliations within the PRC and CPC, one being the President of the Chinese Society of International Law ("CSIL"). The CSIL was founded by China's Ministry of Foreign Affairs, which is responsible for safeguarding national sovereignty, security and interests on behalf of the state, among other duties.[3] Mr. Huang is also an Expert Counselor of the Supreme People's Procuratorate ("SPP"). The SPP "follows the lead of China's ruling party" and "has a lot of power in China's legal system". It is an essential judicial institution for the

---

[1] History of China Society of Private International Law, last visited May 13, 2025, available at: http://www.cspil.org/Plus/m_default/Cms/docDetail.php?ID=185
[2] http://www.cspil.org/Plus/m_default/Cms/docDetail.php?ID=102
[3] Main Responsibilities of the Ministry of Foreign Affairs of the People's Republic of China, https://www.fmprc.gov.cn/eng/wjb/zyzz/

PRC.[4]

## II. The China Society's motion for leave is extremely untimely.

The notion of submitting a supplemental *amicus* brief now is extremely untimely and adds nothing to the previous *amicus* brief already submitted that would be useful to the Court. The China Society's first *amicus* brief was submitted on September 22, 2023. At no time in almost two (2) years since the first filing did the China Society deem it necessary to supplement its first brief with its additional views of the "commercial activity exception" under FSIA (28 U.S.C. § 1605(a)(2), 28 U.S.C. § 1603(d)) or the "direct effect" of defendants' actions (28 U.S.C. § 605(a)(2)) or the application of Mississippi law (*See* Mississippi's Post-Hearing Brief at Dkt. No. 88). Mississippi's complaint has not been amended and the causes of action and facts have not changed.

Further, in its supporting memorandum, the China Society admits that it is requesting leave to address the Court's order of March 1, 2024, from over a year ago, where the Court requested Mississippi to address the Eighth Circuit's opinion in *State of Missouri, ex rel. Bailey v. The People's Republic of China*, 90 F.4th 930 (8th Cir. 2024) in its renewed motion default judgment. Said renewed motion was filed on October 11, 2024, almost seven (7) months ago. In addition, since Missouri's litigation was remanded by the Eighth Circuit, the District Court found that Missouri provided evidence satisfactory to the Court to establish defendants' liability and entered a judgment against the defendants in the amount of $24,488,825,457.00, plus post

---

[4] Supreme People's Procuratorate: Ensuring Legal Integrity in China, https://www.chinalegalexperts.com/news/supreme-peoples-procuratorate

judgment interest. *Missouri, ex rel. Bailey*, 2025 WL 746202.

## CONCLUSION

Plaintiff State of Mississippi requests that this court deny The China Society of Private International Law's request for leave to file a supplemental *amicus curiae* brief.

Respectfully submitted, this the 14th day of May, 2025.

                                          **FOR PLAINTIFF STATE OF MISSISSIPPI**
                                          **LYNN FITCH, ATTORNEY GENERAL**
                                          **STATE OF MISSISSIPPI**

                                          */s/ Tricia L. Beale*
                                          Tricia L. Beale, Miss. Bar No. 99113
                                          Crystal Utley Secoy, Miss. Bar No. 102132
                                          James M. Rankin, Miss. Bar No. 102332
                                          Consumer Protection Division
                                          Mississippi Attorney General's Office
                                          1141 Bayview Ave., Suite 402
                                          Biloxi, Mississippi 39530
                                          Telephone: 228-386-4404
                                          tricia.beale@ago.ms.gov

                                          Post Office Box 220
                                          550 High Street, Suite 1200
                                          Jackson, Mississippi 39205
                                          Telephone: (601) 359-4213
                                          crystal.utley@ago.ms.gov
                                          james.rankin@ago.ms.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2025, a true and accurate copy of the foregoing was electronically filed by using the Court's CM/ECF system to be served on all counsel of record entered in the case.

This the 14th day of May, 2025.

                                                                  */s/ Tricia L. Beale*
                                                                  Tricia L. Beale

Case 1:20-cv-00168-TBM-RPM   Document 95   Filed 05/14/25   Page 8 of 8